In re UPSON.

(District Court, N. D. New York. July 17, 1903.)

**1. Bankruptcy—Application for Revocation of Discharge—Laches of Creditor.**

A creditor who had ample opportunity during the pendency of the proceedings to fully examine the bankrupt as to all matters, and who appeared in opposition to his discharge, and was given time to file specifications of objection, but failed to do so, and permitted the discharge to be granted without further objection, was guilty of undue laches, and is not entitled to be heard on a subsequent application to revoke the discharge made under Bankr. Act July 1, 1898, c. 541, § 15, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428].

In Bankruptcy. This is an application by the First National Bank of Baldwinsville, N. Y., to revoke the discharge of the above-named bankrupt, granted on or about the 1st day of December, 1902.

Wallace H. Failing and G. W. O'Brien, for petitioner.
J. R. Shea and M. E. Driscoll, for bankrupt.

RAY, District Judge. On or about the 1st day of December, 1902, on application duly made and notice duly given, James W. Upson, the above-named bankrupt, was granted a discharge under the provisions

of the national bankruptcy law. On the hearing of that application the moving creditor here appeared and asked for time to file specifications of objection to the discharge of the bankrupt, and 20 days' time was granted for that purpose; but no objections were filed, and the discharge was subsequently granted. Thereafter the said creditor instituted a proceeding before the referee having jurisdiction in the matter for an examination of the bankrupt, and, as a result of that examination, this motion to revoke the discharge is made.

By section 15 of the act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) it is provided as follows:

"Sec. 15. Discharges, When Revoked.—(a) The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge."

It will be noted that a revocation of the discharge may be made on the application of parties in interest who have not been guilty of undue laches, if it shall be made to appear that the discharge was obtained through the fraud of the bankrupt, and that the knowledge of such fraud has come to the petitioner since the granting of such discharge, and it shall also appear that the actual facts did not warrant the discharge. All these conditions must exist. Having carefully examined the evidence, the briefs of counsel for the respective parties, and the authorities applicable, this court feels compelled to deny the application to revoke the discharge. The petitioning creditor had every opportunity to fully examine the bankrupt and all persons having knowledge on the subject during the pendency of the bankruptcy proceedings, but, without excuse or justification, failed to do so as fully as it might, it now asserts; but the petitioner does not show that such failure was owing to any fraud of the bankrupt, or any act on his part. In opposition to the motion the bankrupt presents his own affidavit with those of Albert E. Nettleton, one of the trustees, Hon. Frank Hiscock, James R. Shea, and James D. Decker, and, taking the conceded facts in connection with these affidavits and the evidence taken by the referee, it is clear that nothing particularly new has been brought to light since the discharge was granted. There were three trustees, one of whom was an officer of the bank, the petitioner here, and all these trustees were gentlemen of character and of business experience and ability, and they had the aid of efficient counsel of high standing and character. All the matters now in question were then inquired into to a certain extent, and might have been examined into with great particularity. The petitioner has been guilty of undue laches.

Again, it is not shown, assuming that the bankrupt was guilty of fraud in concealing facts, that the knowledge of such fraud has come to the petitioner since the granting of the discharge. It is true that certain officers of the bank have testified that they had no knowledge of certain facts proved before the referee; but it does not appear that other officers or that the board of directors did not have full knowl-

edge, and in truth it would seem that the bank did have all the knowledge on the subject it cared for at the time. Having appeared to oppose the discharge, and having been given 20 days in which to file specifications in opposition, the bank was certainly guilty of undue laches in not filing its specifications and proceeding to produce evidence on the subject.

Again, this court is not satisfied that the actual facts did not warrant the discharge. It is quite true that the bankrupt has given evidence as to the disposition of certain of his property and certain of his money in a confused manner, but the court does not see that he was dishonest, or that he intentionally misrepresented any of the facts. A creditor who desires to oppose the discharge of the bankrupt should see to it that the bankrupt is fully examined as to all his business transactions, and, when opportunity is given to file specifications of objection and test the merits of the application for a discharge, the creditor should be diligent in investigating the facts. This court holds as matter of fact that it is not shown that the actual facts did not warrant the discharge. It must be made to appear upon the trial that the actual facts did not warrant the discharge. It is true in this case that the trial before the court has not yet been had, but the petitioning creditor applied to the referee, and produced evidence bearing on this qustion, and it is now for the court to say whether it will order a trial, or, on the objections now made and the facts now appearing, dismiss this proceeding, and refuse to revoke the discharge. The decision of this motion is not based upon the failure of the evidence to show that the actual facts did not warrant the discharge, but upon the ground that it fully appears to the court at this stage of the proceeding that the petitioning creditor has been guilty of undue laches. This court holds that it was incumbent upon the petitioner, when it brought this matter before the court and submitted the motion upon the evidence taken, to show due diligence on its part, which it has failed to do.

On the hearing of this motion it was agreed that the evidence taken before the referee might be read by the court, and considered as evidence taken by it as on a trial of the question on the merits. So far as payments made on the claim of the daughter are concerned, this court has already passed on that question, and finds no ground on that score, to criticise the bankrupt. The bankrupt is open to criticism in that he failed to keep such books of account as show clearly all his financial transactions, but it does not appear that, in contemplation of bankruptcy, he failed to keep books of account, or records from which his true condition might be ascertained.

The application to revoke the discharge is therefore denied, and an order to that effect will be entered.