**UNITED STATES of America ex rel. Joseph M. HOUGHTON**

v.

**Hon. William SCRANTON, Gov., Hon. Walter Alessandroni, Arthur T. Prasse, Com. State Corr., David N. Myers, Supt. State Corr. Institution, Graterford, Pa. and Clarence R. Wolfe, Dept. Supt., et al.**

**Joseph Michael HOUGHTON**

v.

**Col. Eugene B. ELLIS, Supt. of the Delaware State Police, John J. Smith, Chief of Police, City of Wilmington, Delaware, Lt. Thomas F. Buckmaster, Trooper A. T. Citro, Delaware State Police, Lt. Delloso, Sgt. Watson, Sgt. Turner, Officer James E. McNair, Bureau of Police, City of Wilmington, Delaware.**

**Civ. A. Nos. 39701, 39916.**

United States District Court
E. D. Pennsylvania.

Aug. 2, 1966.

Joseph Michael Houghton, in pro. per.

Henry T. Crocker, Asst. Dist. Atty., Montgomery County, Norristown, Pa., and Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa., for defendants in No. 39701.

Stephen B. Potter, Wilmington, Del., for defendants in No. 39916.

## MEMORANDUM AND ORDER

WOOD, District Judge.

The plaintiff, Joseph M. Houghton, brought suit under 42 U.S.C.A. § 1983. The defendants include Delaware State police officers and their superiors. Ju-

risdiction lies in the court under 28 U.S.C.A. § 1343.

Houghton alleges in his complaint that he was illegally stopped while proceeding along a highway in the State of Delaware, was taken to the troop barracks and compelled to submit to extensive questioning by Lieutenant Buckmaster. He was then formally arrested for violation of the local Criminal Registration Act. He was denied the right to obtain counsel or to contact his family.

At some point either before he was taken to the barracks or thereafter, his car was searched and certain items were found therein which were introduced into evidence against him at trial.

Plaintiff is presently confined in the State Correctional Institution at Graterford, Pennsylvania and is not represented by counsel in these proceedings.

Four different motions have been filed by the parties and include:

1. Plaintiff's motion for summary judgment for failure to answer the complaint.

2. Plaintiff's motion for a temporary restraining order.

3. Certain defendants' motion to dismiss the complaint.

4. Plaintiff's motion for a three-judge court under 28 U.S.C.A. § 2284 to have certain orders of the prison wherein he is confined enjoined.

## I.  MOTION FOR SUMMARY JUDGMENT

This should properly have been termed a motion for judgment by default. Plaintiff filed his complaint on March 10, 1966. Defendants Ellis, Smith, Buckmaster and Citro did not answer until April 28, 1966. Houghton, probably unaware of the answer, filed his motion for summary judgment on April 29, 1966.

The grant or denial of a motion for the entry of a default judgment lies largely within the discretion of the trial court. 6 Moore, Federal Practice, § 55.-05(2), p. 1814. Plaintiff's motion herein must be denied on that basis. The fail-

ure to plead in time was largely technical. Houghton does not and most likely cannot allege that he was prejudiced in any fashion. Moreover, it seems that any entry of appearance on the part of defendants was a matter of grace since they were not residents of Pennsylvania and not otherwise subject to suit in this jurisdiction.

## II. PETITION FOR WRIT OF INJUNCTION

■ This was captioned Joseph M. Houghton v. David N. Myers and Clarence R. Wolfe, who are superintendents of the State Correctional Institution at Graterford, Pennsylvania. Therein plaintiff requests the court to order the above named individuals to desist from any unlawful conduct in preventing Houghton from proceeding with this case and other legal matters. Plaintiff has filed another civil action, No. 39701, wherein he requested similar relief. That complaint was dismissed for failure to exhaust available state remedies.

This motion must also be denied. The named defendants have not been served with the complaint in this case and are not proper party defendants. The relief requested is totally alien to that sought in the original complaint. Furthermore, the injunction has already been denied by us in civil action No. 39701. The document containing this motion was improperly filed in this record by Houghton.

## III. MOTION TO DISMISS

■■ Defendants Ellis, Buckmaster and Citro moved to dismiss because they "individually or collectively (did not) * * * in any way (deprive) the complainant of any of his rights, privileges or immunities * * *" Their brief argues that the search of plaintiff's car was incident to a lawful arrest and was valid, although conducted without a search warrant.

The Civil Rights Act, 42 U.S.C.A. § 1983, provides:

"Every person who, under color of any statute, ordinance, regulation, cus-

tom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Defendants' motion to dismiss must also be denied. An arrest made without probable cause at the time of arrest subjects the arresting officer to a Civil Rights suit under 42 U.S.C.A. § 1983 although the arrest may have been made without criminal or malicious intent. Anderson v. Haas, 341 F.2d 497 (3rd Cir. 1965). Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965). Plaintiff has alleged that he was taken into custody without being charged with a crime and without probable cause by the police to suspect that one had been committed. This is clearly within the scope of the *Basista* case.

Moreover, Houghton's allegation that his car was searched without a warrant after he had been arrested and was in custody, also states a violation of his constitutional rights. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L. Ed.2d 777 (1964). Defendants' argument that the search was valid without a warrant clearly is incorrect since plaintiff was in custody at the time of search, as their brief has admitted.

Therefore, the complaint can withstand this motion to dismiss on at least two grounds.

## IV. MOTION FOR A THREE-JUDGE COURT

■■ The same reasons for dismissal apply in this instance as were stated in Paragraph II. In addition, a requirement for convening a three-judge court is that the state statute itself must be in danger of being held unconstitutional and not merely an order by an official acting under a constitutional statute. 28 U.S.C.A. § 2281.

ORDER

And now, this 2nd day of August, 1966, it is ordered that:

1. The motion for summary judgment (Document No. 5) is denied.
2. The petition for writ of injunction (Document No. 6½) is denied.
3. The motion to dismiss on behalf of Defendants Ellis, Buckmaster and Citro (Document No. 11) is denied.
4. The motion for a three-judge court is denied.