**ALBERT LEVINE ASSOCIATES, INC.,**
**Plaintiff,**

v.

**Denny KERSHNER, Harvey Stepler and Denny Kershner Co. and/or Denny Kershner Co., Inc., Defendants.**

**No. 68 Civ. 113.**

United States District Court
S. D. New York.

July 10, 1968.

Albert Levine, Jamaica, N. Y., for plaintiff.

Stephen B. Knerley, Cleveland, Ohio, for defendants.

Memorandum

MOTLEY, District Judge.

This is an action for breach of contract. Plaintiff filed notice for entry of default judgment against defendants and now moves for judgment thereon on

the ground that defendants' answer is untimely. It is clear that defendants' answer was filed a week late. Under Rule 55(c), the court for good cause shown may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

 A motion of this kind is addressed to the sound discretion of the trial court, Provident Sec. Life Ins. Co. v. Gorsuch, 323 F.2d 839 (9th Cir. 1963), cert. denied, 376 U.S. 950, 84 S.Ct. 966, 11 L.Ed.2d 970 (1964). From the record, the court finds that defendants sought from plaintiff an extension of time to answer, though belatedly; that defendants filed opposing papers and affidavits, prior to the expiration of their time to answer, to plaintiff's motion for summary judgment; that defendants' attorney is an out-of-state attorney; and that defendants' attorney was under the mistaken impression that plaintiff's motion for summary judgment, like his motion to dismiss, tolled the applicable time period for defendants to answer. See Rules 6(e) and 12(a). The court concludes that these reasons constitute good cause.

In addition, the court has studied defendants' affidavits in opposition to plaintiff's motion for summary judgment. Plaintiff clearly is apprised of the nature of defendants' defense. Consequently, plaintiff has suffered no prejudice by defendants' excusable neglect to timely file an answer. Where no prejudice is shown, courts often deny motions for default judgments. United States ex rel. Houghton v. Scranton, 257 F.Supp. 557 (E.D.Pa.1966). In a similar situation, before the expiration of time for answering, defendant filed a motion for summary judgment. The defendant erroneously believed that the filing of his motion was permitted under Rule 12. The court denied judgment for default since the answer and summary judgment papers established that there were substantial defenses. Provident Sec. Life

Ins. Co. v. Gorsuch, supra. Likewise, here defendants' papers raise substantial issues deserving of trial. Motion denied, entry of default set aside, and defendants' answer allowed to stand.

So ordered.