Roger **KNICKERBOCKER**, Plaintiff,

v.

**TENNESSEE VALLEY AUTHORITY,**
Defendant.

**Civ. No. 68–66.**

United States District Court,
E. D. Illinois.

July 17, 1969.

Supplemental Opinion June 9, 1972.

Lowell C. McGowen, Clayton, Mo., N. Y. Dowell, Mt. Vernon, Ill., and John M. Ferguson, Belleville, Ill., for plaintiff.

Robert H. Marquis, Gen. Counsel, T. V. A., Thomas A. Pedersen, Asst. Gen. Counsel, T. V. A., Herbert S. Sanger, Jr., Paul T. Dunn, Attys., T. V. A., Knoxville, Tenn., for defendant.

JUERGENS, Chief Judge.

## MEMORANDUM AND ORDER

Defendant's motion to strike plaintiff's jury demand alleges that plaintiff is not entitled to a jury trial; that this is an action to review the administrative decision of the Tennessee Valley Authority, which was rendered in accordance with the terms of the "Disputes" clause of the contract; that Court consideration is confined to a review of the administrative record, without the intro-

duction of new or additional evidence; that the Court in reaching its determination is limited to whether the administrative decision was arbitrary, capricious, or not supported by substantial evidence.

Plaintiff asserts that the complaint states a cause of action for breach of contract in Count I and for the taking of plaintiff's property without due process of law in Count II and that defendant TVA has filed a counterclaim against plaintiff for breach of contract.

Plaintiff raised certain matters under the provisions of the "disputes" clause of the contract and subsequently appealed that decision as provided in the contract. Plaintiff now contends that the "disputes" clause is invalid and the hearing procedure before the representative of the General Manager was improper, a denial of due process of law under the Fifth Amendment and to fair dealing under the Ninth Amendment and that he participated in the hearing under protest; that after receiving the adverse decision, plaintiff filed this suit for breach of contract and unlawful taking.

In support of his position, plaintiff contends that the corporation involved is not the United States; that the United States is not the proper party; that plaintiff is entitled to a jury trial under the Seventh Amendment; that TVA is not entitled to use the goverment "dispute" clause procedure because such procedure is available only to the United States; that the "dispute" clause is invalid and unconstitutional; and that the cause is in reality an action for breach of contract.

■ Plaintiff is correct in alleging that TVA is not the United States Government. However, TVA is a wholly owned government corporation, managed by directors to be named by the President and approved by the Senate. The directors have authority to employ attorneys, define their duties and TVA may sue and be sued in its corporate name. In the TVA Charter, it is provided that offenses against it shall be deemed the same as offenses against the United States and all the land acquired by it is in the name of the United States. Actually the TVA is the United States in action, "an arm of the government," and an agency performing wholly governmental service. TVA Charter, 16 U.S. C.A. § 831 et seq. Ramsey v. United Mine Workers of America, 27 F.R.D. 423 (E.D.Tenn.S.D., 1961).

■ Plaintiff also urges that defendant is attempting to resubmit the same issues heretofore presented in its motion for summary judgment and charges that the Court ruled adverse to defendant's present position as shown by the Court's previous ruling when it denied summary judgment. Such is not the case. The Court previously held that defendant had not shown that there was not in dispute any material fact, which is a prerequisite to granting a motion for summary judgment. The question as to whether plaintiff is entitled to a jury trial was not before the Court and was accordingly not presented nor decided at that time.

■ The Court has re-examined the entire matter in the light of defendant's motion to strike the jury demand and finds that the matters presented must properly be pursued under the provisions of the "disputes" clause of the contract. Therefore, this Court is in effect restricted to review status merely and is not justified in granting a trial de novo. Such being the case, defendant's motion to strike the jury demand is proper and defendant's motion to strike plaintiff's demand for jury trial will be and the same is hereby granted and plaintiff's demand for jury trial is stricken.

JUERGENS, Senior District Judge.

## SUPPLEMENTAL MEMORANDUM AND ORDER

Plaintiff seeks to recover damages from defendant Tennessee Valley Authority (TVA) for breach of a contract, entered into on November 24, 1964, numbered 65P–46–T3. Defendant

counterclaims for breach of contract on the part of plaintiff.

The contract in question contains a dispute clause which provides for the disposition of all disputes in accordance with specified procedures and further provides that the parties are to be bound by the resulting decision reached in those procedures.

The procedures outlined in the contract were originally followed. It was then appealed. A hearing officer found adversely to plaintiff and allowed defendant's counterclaim for excess cost of coal purchased in October, 1966, in the amount of $70,663.04 to replace the deficiencies in plaintiff's account and defendant's claim for excess cost of coal purchased in March, 1967, in the amount of $39,672.00. Defendant was further permitted to apply unpaid invoices in the amount of $19,389.40 to partially offset the excess cost to defendant.

The administrative procedures having been exhausted, plaintiff then filed his complaint in this court.

■■ The function of reviewing an administrative decision can be and frequently is performed by the court of original jurisdiction as well as by an appellate tribunal. The standards of review adopted are whether or not the decision as rendered is "arbitrary," "capricious" and "not supported by substantial evidence." The term "substantial evidence" in particular has become a term of art to describe the basis upon which the administrative record is to be judged by a reviewing court. This standard goes to the reasonableness of what the agency did on the basis of the evidence before it, for a decision may be supported by substantial evidence even though it could be refuted by other evidence that was not presented to the decision-making body. United States v. Carlo Bianchi & Co., 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652.

■ The limitation of the court's authority is to review the record, and if the decision rendered is based upon and is supported by substantial evidence and

not fraudulent, capricious, arbitrary or so grossly erroneous as to imply bad faith, the decision rendered pursuant to the contract is binding on the parties.

■ In its complaint plaintiff alleges that the administrator's decision was arbitrary, capricious and not supported by substantal evidence and by its amended complaint that the dispute clause of the contract was unconscionable at the time the contract was made, both at common law and under Sec. 2–302 of the Uniform Commercial Code, as adopted by the States of Illinois, Tennessee and District of Columbia.

Defendant TVA's motion for summary judgment was denied. It then renewed its motion for summary judgment, which was again denied. The matter was heard by the court. Plaintiff was given every opportunity to present evidence to substantiate his claim that the decision rendered under the administrative procedures was not in conformity with the requirements. Plaintiff totally failed to submit any evidence to establish that the action taken during the administrative proceeding was fraudulent, capricious, arbitrary or not supported by substantial evidence. There was also a total failure of any evidence to show that the contract was unconscionable either at common law or under the provisions of the Uniform Commercial Code.

For the foregoing reason, the Court finds that the decision rendered under the disputes clause of the contract was proper. That decision should be and the same is hereby affirmed.

Defendant moves to dismiss the counterclaim of defendant TVA, which was rendered in the administrative proceedings, for the reason that this claim was discharged in bankruptcy.

On October 15, 1969, plaintiff was adjudged a bankrupt in this court in Bankruptcy No. BK–69–526. Defendant's claim was duly scheduled on Schedule A–3. The discharge in bankruptcy was entered by the Referee on February 24, 1970.

The Bankruptcy Act requires that the bankrupt be given a discharge unless the Court is satisfied that the bankrupt committed an act which bars discharge. Shainman v. Shear's of Affton, Inc., 387 F.2d 33 (8 Cir. 1967).

A discharge in bankruptcy was entered, which in effect discharged the claim of TVA. That order is controlling here. Defendant TVA's counterclaim will be and the same is hereby dismissed.