**In re Howard N. GARFINKLE, Bankrupt.**

**Bennett LEVIN, Bennett Levin and Associates, Inc., and Powerdyne Corporation, Plaintiffs,**

v.

**Howard N. GARFINKLE, Defendant.**

**Bankruptcy Nos. 75 B 196, 75 B 646.**

United States Bankruptcy Court, S. D. New York.

Dec. 14, 1979.

Drinker, Biddle & Reath, Philadelphia, Pa., Mudge, Rose, Guthrie & Alexander, New York City, for Bennett Levin, Bennett Levin & Associates & Powerdyne Corporation; Mark M. Wilcox, Philadelphia, Pa., of counsel.

Fensterheim & Fensterheim, New York City, for Howard N. Garfinkle; Asher Fensterheim, New York City, of counsel.

DECISION AND ORDER ON MOTION TO VACATE DISCHARGE

EDWARD J. RYAN, Bankruptcy Judge.

This bankruptcy proceeding commenced with the filing by Howard Garfinkle ("Garfinkle") of a petition under Chapter XII of the Bankruptcy Act on February 5, 1975. On April 21, 1975, Garfinkle filed a supplemental petition in straight bankruptcy. He was adjudicated a bankrupt in both proceedings and discharged on July 20, 1978.

In November, 1975, Powerdyne Corporation filed a proof of claim in bankruptcy executed by Bennett Levin. Neither Bennett Levin nor Bennett Levin & Associates, Inc. filed proofs of claim in this proceeding.

In November, 1977, Bennett Levin instituted an action against Garfinkle and others in the United States District Court for the Eastern District of Pennsylvania seeking, *inter alia,* to recover prebankruptcy debts of Garfinkle. (N.T. 134–142, June 30, 1978).

In April, 1978, Levin gave to the trustee his affidavit in support of a proposed mo-

tion for a receiver to be filed in litigation against Garfinkle and others then contemplated by the trustee. That affidavit alleged, *inter alia,* that Garfinkle had failed to turn over to the trustee a sculpture by Robert Indiana known as "LOVE" or the proceeds therefrom. (Trustee's Application for an Order to File an Action in the District Court, May 1978; N.T. Hearings on Settlement Between Trustee and Bankrupt, June 19–30, 1978).

On May 8, 1978, the trustee initiated in the District Court an action against Garfinkle and others alleging concealment of assets and sought the appointment of a receiver *pendente lite.* The trustee's action, in large part, was based on information supplied by Mr. Levin, who was to be the trustee's major witness. (N.T. 50, June 30, 1978).

During the hearings on the trustee's motion for appointment of a receiver, the action was settled for $250,000. The settlement was presented to the Bankruptcy Court for approval (N.T. June 19–30, 1978).

Mr. Wilcox entered his appearance as attorney for Bennett Levin, Bennett Levin & Associates and Powerdyne Corporation at those hearings.[1] Of the hundreds of creditors of the bankrupt estate only Mr. Wilcox representing his clients objected to the settlement. Mr. Wilcox, represented to the Court that the allegations of the district court action were provable. His objection to the settlement was that the trustee had settled for too little. (N.T. 50, June 30, 1978).

This Court conducted hearings on the proposed settlement on June 19, June 21, and June 30, 1978. Mr. Wilcox appeared for his clients at the June 19 and the June 30, 1978 hearings. (Id.).

At the June 30, 1978 hearing, Mr. Wilcox had the opportunity to present evidence and to question witnesses and he participated extensively. He chose not to put Mr. Levin on the stand to testify to his personal knowledge. (N.T. June 30, 1978).

At the conclusion of the final hearing on June 30, 1978, the Court announced that it would approve the settlement. (N.T. 246–49, June 30, 1978).

On July 20, 1978, a formal Order was entered approving the settlement. Also on that date, an Order was entered discharging the bankrupt.

Wilcox filed notices of appeal on behalf of Bennett Levin, Bennett Levin & Associates, and Powerdyne Corporation to the District Court from the Orders approving the settlement and granting the discharge. He objected, *inter alia,* that the trustee failed to provide him with a copy of the settlement agreement prior to the hearings; that the amount of the settlement was inadequate; that the trustee allegedly received personal consideration for the settlement; and that the Bankruptcy Court improperly restricted the scope of the examination of the bankrupt at the June 30 hearing. (Brief for Appellants, 78 Civ. 4154, 4155).

On November 24, 1978, Judge MacMahon issued an Opinion and Order affirming the orders of the Bankruptcy Court and dismissing the appeal. (79 Civ. 4154, 4155).

---

1. Mr. Wilcox stated (at N.T. 50):

"I represent Mr. Bennett Levin, Bennett Levin & Associates and Powerdyne Corporation, who are creditors of Mr. Garfinkle in an aggregate amount exceeding $686,000. Mr. Levin, as I am sure you know is a major or was to be a major witness in the proceeding before this Court on behalf of the Trustee. He filed an affidavit which was to be used in connection with the motion for a receiver."
Mr. Wilcox has argued in connection with his present complaint that even if the present complaint could be dismissed against Levin himself, it could not be dismissed against the corpora-

tions, Powerdyne and Bennett Levin & Associates. Mr. Wilcox neglected to mention that he had been representing the corporations as well as Mr. Levin in all of his previous appearances before this Court in his appeals. (N.T. 33, September 13, 1979).
By Mr. Wilcox:
"Finally, what about the corporations? No statement is made about them. There is nothing whatsoever in the record to suggest or even a claim by the bankrupt that they are guilty of laches. There is nothing in the record on that. We don't have a record on that."

Judge MacMahon held, *inter alia,* that appellants had failed properly to raise their objections to the discharge in the Bankruptcy Court and thus were not properly before the District Court on that issue. (Id.).

Judge MacMahon directed that matters that could have been raised in the Bankruptcy Court, but were not, should not be considered in the future by the Bankruptcy Court. (Id.).

On December 4, 1978, Wilcox filed a Motion for Rehearing and Reconsideration to Judge MacMahon requesting that the order be modified to permit the Bankruptcy Court to consider his clients' arguments against the discharge.

On December 28, 1978, Judge MacMahon issued an order adhering to his original decision. (Id.).

On December 22, 1978, Wilcox filed for Bennett Levin, Bennett Levin & Associates, and Powerdyne Corporation a notice of appeal from Judge MacMahon's order to the Court of Appeals. That appeal has been dismissed by the Court of Appeals for lack of prosecution. (Id.).

On October 17, 1978, while the first appeal to the District Court was still pending, Mr. Wilcox, again representing these plaintiffs, appeared before the Bankruptcy Court and requested orally that the bankrupt's discharge be vacated, that the settlement agreement between the bankrupt and the trustee be overturned, and that the trustee be removed. (N.T. 11, October 27, 1978).

Mr. Wilcox represented that he had new evidence that something went on between the bankrupt and the trustee that warranted the relief sought. (N.T. 3, 5, October 27, 1978).

On November 10, 1978, Wilcox filed for Bennett Levin, Bennett Levin & Associates and Powerdyne Corporation a formal Application to Vacate Orders Approving Settlement and Discharging Bankrupt. This Court dismissed that application. The dismissal was appealed to the District Court.

On May 8, 1979, Judge MacMahon denied the appeal of the order dismissing the Application to Vacate Orders Approving Settlement and Discharging Bankrupt. The District Court order was appealed. (79 Civ. 885).

On July 20, 1979, plaintiffs filed this complaint. On or about September 7, 1979, plaintiffs filed an amended complaint. The complaint and amended complaint recite that plaintiffs seek the Court to revoke the discharge granted the bankrupt pursuant to Section 15 of the Bankruptcy Act.

The complaint was filed precisely one year after the discharge Order was entered.

The complaint is a repetition of the allegations concerning the alleged withholding of the Robert Indiana "LOVE" sculpture from the trustee, which allegations were made by Levin over a year ago in his affidavit. These allegations were a subject of the settlement between the trustee and the bankrupt.

The complaint alleges that Levin recently has discovered better evidence of those allegations.

Mr. Levin's affidavit made over a year ago recites that he has known for at least four years of the alleged misconduct plaintiffs seek to assert as cause to revoke Mr. Garfinkle's discharge.

Mr. Levin's affidavit made over a year ago asserting that Garfinkle failed to turn over assets to the trustee in violation of the bankruptcy laws was executed four months prior to the date of the discharge order.

Plaintiffs did not file objections to discharge under Section 14 of the Bankruptcy Act, notwithstanding Levin's claim of prior knowledge of his allegations.

Plaintiffs' complaint to revoke the discharge does not recite any reasons for revocation that were not known to plaintiffs long before the discharge order was entered.

Plaintiffs waited a full year after the discharge order was entered to file their complaint pursuant to Section 15 of the Bankruptcy Act to revoke the discharge.

I conclude:

The complaint of Bennett Levin, Powerdyne Corporation and Bennett Levin & Associates for revocation of discharge by its terms seeks relief under Section 15 of the Bankruptcy Act.

In determining the motion to dismiss that complaint for failure to state a claim upon which relief may be granted, all well pleaded allegations must be regarded as true and all inferences must be drawn in favor of plaintiff.

The record in this bankruptcy proceeding indicates clearly that plaintiffs knew of their allegations well prior to the entry of the order of discharge. Plaintiffs' allegation of newly discovered evidence does not excuse their delay in opposing the discharge.

Plaintiffs' remedy was to file objections prior to the entry of the discharge order and to take discovery under the bankruptcy rules to prove their allegations.

Plaintiffs have offered no excuse for their failure to follow proper procedures prior to entry of the discharge order and for a full year thereafter.

Plaintiffs use of Section 15 of the Bankruptcy Act is inappropriate and fails to state a cause of action.

Among other things right of action under Section 15 of the Bankruptcy Act is conditioned upon a showing by the party filing the complaint that he is not guilty of laches.

Levin was an active participant in the bankruptcy proceeding prior to the entry of the order discharging the bankrupt. *In re Oleson,* 110 F. 796 (N.D.Iowa 1901).

A person who is active in the bankruptcy can be guilty of laches under Section 15 of the Bankruptcy Act by failing properly to file objections to discharge prior to the entry of a discharge order. *In re Capshaw,* 423 F.Supp. 1388, 1390 (E.D.Va.1977); *In re Knofsky,* 20 F.2d 206 (W.D.Pa.1927); *In re Upson,* 124 F. 980 (N.D.N.Y.1903).

Plaintiffs in this action are guilty of laches by their failure to file objections to discharge prior to the entry of the discharge order and by waiting a full year after the discharge order was entered to file this complaint because plaintiffs had knowledge at least four years before this complaint was filed of their contentions that Garfinkle withheld the "LOVE" statue from the trustee and made an affidavit to that effect four months prior to the entry of the discharge order.

This action is also barred by law of the case, res judicata, and collateral estoppel by the opinion and order of Judge MacMahon in plaintiffs' appeal of the order of discharge to the District Court. The District Court ordered that the Bankruptcy Court not give further consideration to the allegations plaintiffs seek to present here.

The motion is denied. It is so ordered.