In re Gerard J. CANTWELL, Bankrupt.

CONTINENTAL BANK and Samuel Pitt and Beatrice Pitt, Plaintiffs,

v.

Gerard J. CANTWELL, Defendant.

Bankruptcy No. 78–918G.

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 9, 1982.

Harry Kozart, Philadelphia, Pa., for plaintiff, Continental Bank.

S. Regen Ginsburg, Larry Pitt, Philadelphia, Pa., for plaintiffs, Samuel Pitt and Beatrice Pitt.

Irwin Trauss, Community Legal Services, Philadelphia, Pa., for the defendant/debtor Gerard J. Cantwell.

Larry H. Slass, Philadelphia, Pa., Trustee.

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented by the case at bench is whether we should dismiss the creditors' complaint to revoke the bankrupt's discharge because it fails to state a claim upon which relief can be granted. We conclude that the instant complaint should be so dismissed because it fails to allege sufficient grounds under § 15 of the Bankruptcy Act ("the Act") on which to sustain a request for revocation of the bankrupt's discharge.

The facts of the instant case are as follows: [1] On June 26, 1978, Gerard J. Cant-

well ("the bankrupt") filed a voluntary petition in bankruptcy under the Act.[2] On October 20, 1978, Continental Bank and Samuel and Beatrice Pitt ("the creditors") filed a complaint seeking a stay of the bankrupt's discharge. On November 1, 1978, we entered an order staying the discharge of the bankrupt until a final determination could be made in the state court of an action brought by the creditors against the bankrupt and his wife. Our order was based on a determination that to grant the bankrupt a discharge before the conclusion of the state court action would deprive the creditors (as joint creditors of the bankrupt and his wife) of their right to proceed against the bankrupt and his wife and their jointly owned property. This would constitute, we held, a legal fraud on the creditors. See, e.g., In re Seats, 537 F.2d 1176 (4th Cir. 1976); Davison v. Virginia National Bank, 493 F.2d 1220 (4th Cir. 1974); Phillips v. Krakower, 46 F.2d 764 (4th Cir. 1931); In re Magee, 415 F.Supp. 521 (W.D.Mo.1976).

The bankrupt appealed our order and, on April 22, 1980, Judge Clifford Scott Green of the United States District Court for the Eastern District of Pennsylvania reversed our order and directed that the stay of the bankrupt's discharge be dissolved. Although the creditors appealed Judge Green's order dissolving our stay of the bankrupt's discharge, no stay of that order was granted pending the determination of the appeal. We accordingly entered an order granting the bankrupt's discharge on June 30, 1980. On February 4, 1981, the United States Court of Appeals for the Third Circuit dismissed the creditors' appeal as being moot, since the bankrupt's discharge had already been entered. 639 F.2d 1050.

On March 20, 1981, the creditors filed a complaint to revoke the bankrupt's discharge to which the bankrupt filed a motion

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. While the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1,

1979, the provisions of the Act still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 403, 92 Stat. 2683 (1978).

to dismiss. The creditors thereupon filed a motion to strike the bankrupt's motion as being untimely and an application for the entry of a judgment by default for the failure of the bankrupt to file a timely answer or response to their complaint.

Addressing, first, the creditors' motion to strike and the application for a default judgment, we determine that we should deny both requests. Although the bankrupt's motion to dismiss was filed four days late,[3] we conclude that to enter a default judgment against the bankrupt would be too harsh and drastic a remedy for the bankrupt's late filing.[4] Courts generally do not favor judgments by default and prefer to decide cases on their merits.[5] Thus, courts will usually only grant a default judgment where there is a clear pattern of delay and contumacious conduct by the defaulting party.[6] In the instant case, we do not find that there has been such a pattern of conduct by the bankrupt. Here, the bankrupt did file a response which was only four days late and the creditors have failed to allege that they were prejudiced in any way by that delay in filing.[7] Furthermore, the bankrupt's response does show that he has a meritorious defense to the creditors' complaint.[8] Based on all of these factors, we conclude that the creditors' motion to strike the bankrupt's response as being untimely and their application for a default judgment should both be denied.

Addressing, then, the merits of the bankrupt's motion to dismiss the creditors' complaint, we conclude that that motion should be granted. The bankrupt asserts in his motion to dismiss that the creditors' complaint fails to state a claim upon which relief may be granted because that complaint fails to allege sufficient grounds under § 15 of the Act to support a request for a revocation of the bankrupt's discharge. The creditors' complaint is based on § 15(1) of the Act which states:

§ 15. Discharges, When Revoked. The court may revoke a discharge upon the application of a creditor, the trustee, the United States attorney, or any other party in interest, who has not been guilty of laches, filed at any time within one year after a discharge has been granted, if it shall appear (1) that the discharge was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the applicant since the discharge was granted, and that the facts did not warrant the discharge.

11 U.S.C. § 33 (repealed 1978).

With respect to the first ground— that the discharge was obtained through

---

**3.** Rule 712(a) and (b) of the Rules of Bankruptcy Procedure requires that an answer or motion under Rule 12(b) of the Federal Rules of Civil Procedure be filed within 30 days of the issuance of the summons. In this case, an answer or other response was due on April 24, 1981.

**4.** See, e.g., Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415 (1st Cir. 1976); GFI Computer Indus., Inc. v. Fry, 476 F.2d 1 (5th Cir. 1973); E.F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284 (5th Cir. 1972); Flaksa v. Little River Marine Constr. Co., 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).

**5.** See, e.g., Davis v. Parkhill-Goodloe Co., 302 F.2d 489 (5th Cir. 1962); Broglie v. Mackay-Smith, 75 F.R.D. 739 (W.D.Va.1977); Ahmad v. Levi, 414 F.Supp. 597 (E.D.Pa.1976).

**6.** See, e.g., McKenzie v. Wakulla County, 89 F.R.D. 444 (N.D.Fla.1981) (when a defendant's actions or inactions amount to willful misconduct, gross neglect or other extreme and unusual behavior, default judgment is appropriate and even necessary to ensure functioning of judicial process and to protect plaintiff's right to a judicial resolution of the dispute).

**7.** See, e.g., First American Bank, N.A. v. United Equity Corp., 89 F.R.D. 81 (D.D.C.1981); McKnight v. Webster, 499 F.Supp. 420 (E.D.Pa. 1980); Broglie v. Mackay-Smith, 75 F.R.D. 739 (W.D.Va.1977); Anderson v. Stanco Sports Library Inc., 52 F.R.D. 108 (D.S.C.1971); U.S. ex rel. Houghton v. Scranton, 257 F.Supp. 557 (E.D.Pa.1966), aff'd, 379 F.2d 556 (3d Cir. 1967).

**8.** See, e.g., Ahmad v. Levi, 414 F.Supp. 597 (E.D.Pa.1976); U.S. ex rel. Mercer v. Kelly, 50 F.R.D. 149 (E.D.Pa.1970); Albert Levine Assoc., Inc. v. Kershner, 45 F.R.D. 450 (S.D.N.Y. 1968); Gamble v. Pope & Talbot, Inc., 191 F.Supp. 763 (E.D.Pa.1961), rev'd in part, 307 F.2d 729 (3d Cir.), cert. denied sub nom, U.S. Dist. Ct. for Eastern Dist. of Pa. v. Mahoney, 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123 (1962).

the bankrupt's fraud—the courts have held that "[t]he fraud required to be shown is fraud in fact, involving moral turpitude or intentional wrong, and does not include implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality." *In re Zahralddin*, 1 B.R. 621, 623 (E.D.Va.1979). *See also, In re Leach*, 197 F.Supp. 513 (W.D.Ark.1961); *In re Cuthbertson*, 202 F. 266 (D.S.D.1912); *In re Wright*, 177 F. 578 (W.D.N.Y.1910); 1 A Collier on Bankruptcy ¶ 15.11 (14th ed. 1978). The complaint of the creditors does not allege that the bankrupt committed "fraud in fact" but only alleges that the bankrupt committed a legal fraud. This is not sufficient under § 15(1) of the Act.

■ Even if the creditors' complaint had alleged that the bankrupt had committed actual fraud, we conclude that the District Court has already decided that issue. In his opinion of April 22, 1980, Judge Green stated that on the facts before him (which are the same facts upon which the creditors rely in this complaint) he found that there was no evidence of any misconduct on the part of the bankrupt nor was there even any evidence of "legal fraud" on his part.[9] We conclude, therefore, that the issue of whether the bankrupt acted in a fraudulent manner in obtaining his discharge has already been decided by the District Court and that the creditors are barred from relitigating that issue by the doctrine of collateral estoppel. The test enunciated by the United States Court of Appeals for the Third Circuit for the application of collateral estoppel is as follows:

There are at least four requirements which must be met before collateral estoppel effect can be given to a prior action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

*Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976).[10] In the instant case, the issue of whether the bankrupt has committed any fraud (legal or actual) has already been actually litigated and determined by a valid and final judgment of the District Court as an essential part of its decision to reverse our order staying the bankrupt's discharge. Consequently, we conclude that that issue has already been decided against the creditors and they are precluded from relitigating that issue by the doctrine of collateral estoppel.

■ With respect to the second ground required by § 15(1) of the Act—the knowledge of the bankrupt's fraud came to the applicant after the discharge was granted—we conclude that the creditors' complaint also fails to allege facts sufficient to support that requirement. In fact, we find that the creditors have admitted that all of the operative facts upon which they base their complaint were known to them prior to the bankrupt's discharge. The creditors assert, however, that they had no "legal knowledge" of the bankrupt's fraud because the Third Circuit Court of Appeals has never decided whether the facts presented in their complaint support a claim that the bankrupt has committed fraud. We find that the creditors' assertion is without merit for two reasons: First, we conclude that § 15(1) requires that the applicant have no *actual* knowledge (as opposed to "legal knowledge") of the bankrupt's fraud prior to the discharge. Second, although the Court of Appeals for the Third Circuit has not addressed the issue of whether the facts alleged in the creditors'

---

**9.** *In re Cantwell*, Bankr. No. 78-918EG, slip op. at 6 (E.D.Pa. April 22, 1980) (opinion of Judge Green.)

**10.** *See, also, Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) in which the United States Supreme Court stated:

Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.

complaint supports a finding that the bankrupt committed fraud, the District Court for the Eastern District of Pennsylvania has addressed that issue. Therefore, as of the date of Judge Green's decision, the creditors did have "legal knowledge" of the fact that the bankrupt's action did not constitute fraud. Consequently, we conclude that the creditors' complaint fails to allege sufficient facts to establish that they did not have knowledge of the facts of the bankrupt's fraud until after the discharge was granted.[11]

■ With respect to the third requirement of § 15(1) of the Act—that the facts did not warrant the bankrupt's discharge— we also conclude that the creditors' complaint fails to allege sufficient facts in support thereof. Under § 14(c) of the Act, the bankruptcy court *must* grant the bankrupt's discharge unless one of eight possible grounds for the denial of a discharge is established. See 11 U.S.C. § 32(c) (repealed 1978). If none of those eight grounds is alleged and proved, then the bankrupt cannot be denied a discharge[12] and his discharge cannot be revoked.[13] In the instant case, the creditors' complaint fails to allege any facts which would support a finding that the bankrupt's discharge should be denied. Therefore, the third requirement of § 15(1) of the Act is not met.

■ Although we have concluded that the creditors failed to allege sufficient grounds under § 15 of the Act to state a cause of action for the revocation of the bankrupt's discharge, the creditors assert nonetheless that the bankruptcy court has the general equitable power to revoke a discharge in order to avoid injustice. Although at least one court has held that the bankruptcy courts do have such equitable powers, the court stated that, in order to do so, sufficient grounds under Rule 60(b) of the Federal Rules of Civil Procedure must be alleged and proved.[14] In the instant case, the creditors have not alleged any of the grounds stated in Rule 60(b) as reason for revoking the bankrupt's discharge and, therefore, this is not an appropriate case for the exercise of any equitable power to revoke a discharge under Rule 60(b).

Even if we were to find that we had any general equitable power to revoke a bankrupt's discharge other than under Rule 60(b),[15] we would conclude that the instant case is not a proper one for the exercise of that power. In this case, Judge Green has already decided, based on all of the facts before us, that the bankrupt has not been guilty of any misconduct or fraud of any kind. In so deciding, Judge Green stated:

11. *Cf., In re Garfinkle,* 2 B.R. 65 (S.D.N.Y.1979) in which the bankruptcy court held that the plaintiffs were guilty of laches and had failed to state a cause of action under § 15 of the Act in their complaint to revoke the bankrupt's discharge where they had actual knowledge of the facts on which they based their allegations well before the entry of the bankrupt's discharge.

12. 11 U.S.C. § 32(c) (repealed 1978). *See, e.g., In re Cheval,* 386 F.2d 127 (3d Cir. 1967); *In re Zidoff,* 309 F.2d 417 (7th Cir. 1962); *Knickerbocker v. Tennessee Valley Authority,* 348 F.Supp. 230 (E.D.Ill.1972); *In re Brown,* 314 F.Supp. 947 (W.D.Ark.1970), *aff'd,* 444 F.2d 49 (8th Cir. 1971).

13. 11 U.S.C. § 33 (repealed 1978).

14. *In re Burley,* 11 B.R. 369, 4 C.B.C.2d 652 (C.D.Cal.1981). Rule 60(b) of the Federal Rules of Civil Procedure states in relevant part:
   (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
   Rule 60(b) is made applicable to bankruptcy proceedings by Rule 924 of the Rules of Bankruptcy Procedure.

15. *But see, In re Aasand,* 7 F.2d 135 (D.N.D. 1925). See generally, 1A Collier on Bankruptcy ¶ 15.03 (14th ed. 1978).

Here, the record fails to disclose any misconduct on the part of Mr. Cantwell. He merely sought a remedy to which he was expressly entitled by Section 17 of the Bankruptcy Act. By postponing the discharge, the bankruptcy court attempted to restrict the relief made available to Mr. Cantwell by Congress under the Act. We find no "legal fraud" in Mr. Cantwell's quest for a remedy expressly authorized by the Bankruptcy Act. Furthermore, we believe that federal courts may not, under the guise of equity, restrict the relief to which debtors are entitled under the Act.[16]

Based on the above, we conclude that we may not, on the facts alleged in the creditors' complaint, revoke the bankrupt's discharge on equitable grounds.

For all of the above reasons, we will grant the bankrupt's motion to dismiss the creditors' complaint for failure to state a cause of action upon which relief may be granted.

---

16. *In re Cantwell*, Bankr. No. 78-918EG, slip. op, at 6 (E.D.Pa. April 22, 1980) (opinion of Judge Green).