In re Glenn A. MAIN, III and Darla A. Main, Debtors.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,**

v.

**Glenn A. MAIN, III and Darla A. Main, Defendants.**

**Bankruptcy No. 88–2008.**

**Adv. No. 89–0388.**

United States Bankruptcy Court, W.D. Pennsylvania.

March 23, 1990.

Donald R. Calaiaro, Pittsburgh, Pa., for debtors/defendants.

Robert J. Perry, Perry & Windels, New York City, Lawrence G. Paladin, Jr., Murphy, Taylor, Trout & Chestek, Pittsburgh, Pa., for plaintiff.

Joseph J. Bernstein, Bernstein & Bernstein, P.C., Pittsburgh, Pa., Chapter 7 Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Two motions pertaining to the above-captioned adversary action are before the Court at this time.

Defendants Glenn A. Main, III and Darla A. Main ("Debtors") have brought a *Motion To Dismiss* the Complaint Objecting to Dischargeability Of A Debt and/or To Discharge. Debtors argue that timely notice of their bankruptcy petition was given to Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). They further contend that this Court lacked authority to extend the time in which National Union could bring its Complaint because National Union's request for such an extension was beyond the prescribed bar date and therefore was untimely. National Union maintains that it did not receive notice of the bankruptcy petition until after the bar date set by Order of this Court. The failure to provide such notice, National Union argues, precludes Debtors from claiming that its request for an extension of time in which to object to dischargeability and to discharge was untimely.

Also before the Court is a *Motion For Entry of Default Judgment* by National Union. According to National Union, it is entitled to entry of default judgment because Debtors failed to respond to the Complaint by December 21, 1989, as required by Bankruptcy Rule 7012(a). Debtors have not responded to the Motion.

Both of these motions will be denied for reasons set forth below.

## FACTS

Debtor Glenn A Main, III had purchased a limited partnership interest in Bay Water Associates, Ltd. In conjunction with the purchase, he executed a pledge and indemnification agreement ("agreement"). Paragraph 10(b) of the agreement required that notices pertaining to the agreement be sent to the following address:

National Union Fire Insurance Company of Pittsburgh, PA

70 Pine Street, 21st Floor

New York, New York 10270

*Attention:* Division Manager, Comprehensive Financial Risk Division

National Union is a subsidiary of American International Group, which itself employs in excess of 30,000 people. The administrative office of American International Group and National Union are located at 70 Pine Street, which is comprised of at least twenty-one (21) floors. National Union occupies several of the floors at this location and is comprised of many different divisions. American International Group and National Union also share a common mail room.

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 29, 1988. On August 4, 1988, an Order was entered setting November 7, 1988, as the bar date for the filing of objections to discharge or to dischargeability of debt.

Notice of Debtors' bankruptcy petition was sent in a timely manner by the Bankruptcy Court Clerk to National Union at the following address:

National Union Fire Ins. Co.

70 Pine Street

New York, NY

National Union had not filed a complaint or sought an extension of time in which to file one by the bar date of November 7, 1988. In fact, it did not file a motion for an extension until May 15, 1989. An Order was entered on June 13, 1989, granting National Union until June 30, 1989, to object to dischargeability and to discharge.

Debtors appealed this Order to the U.S. District Court. While the appeal was pending, this Court extended the time during which National Union could file a complaint until thirty (30) days after resolution of the appeal by the District Court. Debtors' appeal was quashed as interlocutory on October 17, 1989.

National Union filed a complaint objecting to Debtors' discharge and to the dischargeability of a debt purportedly owed by them pursuant to 11 U.S.C. §§ 727(b) and 523(a)(2)(B), respectively, on November 16, 1989. Summonses were issued by the

Clerk of Bankruptcy Court on November 21, 1989. Debtors were served by first class mail with a copy of the complaint and a summons on December 1, 1989.

On December 29, 1989, Debtors filed the motion to dismiss which is before the Court at this time.

National Union filed its motion for entry of default judgment on January 4, 1990.

Finally, Debtors filed an answer to National Union's complaint on January 23, 1990.

## ANALYSIS

### A. *Motion To Dismiss*

Bankruptcy Rule 4004(b) provides as follows:

> On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.* (Emphasis added.)

Bankruptcy Rule 4007(c), which pertains to objections to dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(B), contains virtually identical language:

> On motion of any party in interest after hearing on notice the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (Emphasis added.)

Debtors have seized upon the language in these Rules and maintain that, since National Union did not move for an extension of time until nearly five (5) months *after* the specific bar date, this Court improperly granted the motion.

■ Rules 4004(c) and 4007(c) are not to be applied mechanically. There may be situations in which a motion for extension of time in which to file a complaint, which motion was made *after* the bar date, nonetheless may be granted. The time limitation provided for in these rules is not triggered until a creditor has received proper notice. *See In re Schwartz & Meyers*, 64 B.R. 948, 955 (Bankr.S.D.N.Y.1986). Thus, such a motion may be granted, even

though it was made *after* the bar date, if the moving party did not receive proper notice of the bankruptcy proceedings prior to that time.

It is instructive in this regard to consider 11 U.S.C. § 523(a)(3)(B), which makes provision for an exception to discharge when a creditor has not received notice of a bankruptcy proceeding. It exempts from discharge any debt not listed or scheduled in time to permit:

> ... timely request for a determination of dischargeability of such debt under one of such paragraphs [i.e., 11 U.S.C. § 523(a), (4), or (6)], *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.* (Emphasis added.)

11 U.S.C. § 523(a)(3)(B).

■ A creditor who had actual knowledge of a bankruptcy proceeding prior to the bar date may not file a late complaint, even though it did not receive formal notice of the bar date. *See In re Price*, 79 B.R. 888, 890–93 (Bankr. 9th Cir.1987); *Neeley v. Murchison*, 815 F.2d 345, 347 (5th Cir. 1987).

National Union did *not* have actual knowledge of Debtors' bankruptcy petition prior to the bar date. The law firm of Brown & Wood, former counsel to National Union, also represented USF & G, which had a claim against Debtors. On April 4, 1989, Brown & Wood received a court document, filed in Debtors' bankruptcy case, which document had been forwarded to it by a claims agent for USF & G. It was not until this time that National Union, through its counsel, first had actual knowledge of Debtors' bankruptcy petition. Local counsel was retained immediately and, on May 15, 1989, National Union made a motion to enlarge the time within which to file a complaint against Debtor.

■ A creditor is entitled to receive proper, adequate, constitutional notice before its claim is barred forever. *In re Harbor Tank Storage Co.*, 385 F.2d 111, 115 (3rd Cir.1967); *Reliable Electric Co., Inc. v. Olson Construction Co.*, 726 F.2d 620, 622 (10th Cir.1984).

■ Fifth Amendment due process considerations take precedence over the discharge provisions of the Bankruptcy Code where the debtor has knowledge of a claim and the claimant is not aware of the pending proceedings. *See Broomall Industries v. Data Design Logic Systems*, 786 F.2d 401, 403 (Fed.Cir.1986). In any proceeding which is to be accorded finality, due process requires that the required notice be "... reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections". *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed 865 (1950).

■ As has been indicated, notice of Debtors' bankruptcy petition was sent by the Clerk of Court to the following address:

National Union Fire Ins. Co.

70 Pine Street

New York, N.Y.

National Union maintains that the notice should have been addressed as follows:

National Union Fire Insurance Company of Pittsburgh, PA

70 Pine Street, 21st Floor

New York, New York 10270

*Attention:* Division Manager, Comprehensive Financial Risk Division

In essence, National Union contends that the notice sent by the Clerk of Court was inadequate in that it made no reference to the twenty-first (21st) floor and was not referred to the attention of the Division Manager of the Comprehensive Financial Risk Division.

It cannot be said with certainty that National Union ever received the notice which had been sent by the Clerk of Bankruptcy Court. To the contrary, National Union has not been able to locate the notice in any of its files.

Even if National Union did receive it (as it presumably did), the notice was *not* adequate to reasonably apprise it of the bankruptcy proceeding so as to afford it the opportunity to object in a timely manner to the discharge of Debtors and their debts.

The notice was sent to the general administrative offices of National Union and not, as was required by the indemnity agreement, to the Division Manager of the Comprehensive Financial Risk Division, which division was responsible for the indemnity agreement. In addition, the notice did not, on its face, indicate what interest, if any, National Union had in Debtors' bankruptcy case.

As has been noted, National Union is located at the same address as its parent, American International Group, with whom it shared a mail room, and is comprised of several difference divisions and occupies several floors on its own.

Considering the size of National Union and the magnitude and complexity of its operations, it is reasonable to expect that National Union, upon receipt of the notice in its mail room, would *not* have been able to determine the person within the corporation to whom the notice should have been forwarded in order to determine what action, if any, should be taken with regard to the notice. Under these circumstances, it must be concluded that National Union did *not* receive notice which was reasonably calculated to apprise it of Debtors' bankruptcy case so as to permit it to file its complaint in a timely manner. The notice received by National Union was not acted upon by it in a timely manner because it was unable to determine, in light of the manner in which it was addressed, what interest it had in the bankruptcy proceeding.

B. *Motion For Entry Of Default Judgment*

Debtors were required to serve their answer to National Union's complaint within thirty (30) days after issuance of summonses by the Clerk of Bankruptcy Court. *See* Bankruptcy Rule 7012(a):

If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons except when a different time is prescribed by the court.

Summonses were issued by the Clerk on November 21, 1989. A copy of the complaint and a summons were duly served by first class mail by counsel for National Union on December 1, 1989. *See* Bankruptcy Rule 7004(f):

If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons.

Accordingly, Debtors were required to serve an answer to the complaint by December 21, 1989, at the latest. Debtors Motion To Dismiss was filed on December 29, 1990. Their Answer was not served, however, until January 23, 1990.

Even though Debtors' Answer was served slightly in excess of thirty (30) days beyond the time prescribed by Bankruptcy Rule 7012(a), National Union's motion for entry of default must be denied.

■ Courts prefer to decide cases on their merits. Judgment by default is not favored. *See In re Cantwell*, 17 B.R. 639, 641 (Bankr.E.D.Pa.1982) (citations omitted).

Several factors may be significant in determining whether default judgment should be entered.

■ In general, judgment by default will be entered only where there is a clear pattern of delay and contumacious conduct by the defaulting party. *Id.* (citations omitted). There is nothing of record in this case indicating a pattern of delay or contumacious conduct on the part of Debtors. The worst that can be said concerning Debtors' conduct is that they were approximately one (1) month late in serving their answer.

In addition, National Union has not shown, and indeed has not even alleged, that it has been prejudiced in any way by Debtors' failure to respond to the complaint by December 21, 1989. *Id.*

Finally, Debtors have asserted potentially meritorious defenses in their Answer. *Id.*

Taking all of this into consideration, we find that entry of default judgment would be too draconian a remedy for Debtors'

failure to comply with Bankruptcy Rule 7012(a).

An appropriate Order will be issued.

## ORDER OF COURT

AND NOW at Pittsburgh in said District this 23rd day of March, 1990, in accordance with the foregoing Memorandum Opinion of this same date, it is ORDERED, ADJUDGED and DECREED that Defendants' Motion To Dismiss be and is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion For Entry of Default Judgment be and is hereby DENIED.