**Francis J. BROGLIE et al., Plaintiffs,**

v.

**Alexander MACKAY–SMITH et al., Defendants.**

**Civ. A. No. 74–63(H).**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

July 19, 1977.

See also 541 F.2d 453.

---

Daniel J. Perry, Larrick & White, Winchester, Va., for plaintiffs.

William A. Johnston, Harrison & Johnston, Winchester, Va., for defendants.

## OPINION AND ORDER

WILLIAMS, District Judge.

This case is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), alleging failure of defendants to answer plaintiffs' complaint as required by Fed. Rule Civ.Proc. 12(a)(2). Upon defendants' objection and after a hearing on the matter,

the court sustains defendants' objection and herewith dismisses plaintiffs' motion for default judgment.

Plaintiffs' complaint was filed on August 8, 1974, invoking this court's diversity jurisdiction. Defendants challenged jurisdiction by a motion to dismiss filed on August 15, 1974, alleging that plaintiffs had failed to meet the minimum jurisdictional amount. On January 6, 1975, defendants filed a motion for a more particular statement of damages to which plaintiffs responded with a statement filed February 6, 1975, and a supplement thereto filed on September 23, 1975. This court on November 24, 1975, dismissed the case for want of jurisdiction. Plaintiffs filed a timely appeal and by decision of September 17, 1976, the Fourth Circuit reversed the dismissal and remanded the case to the district court for further proceedings. The case was reinstated on the docket by order filed September 30, 1976.

No further proceedings were had or documents filed until plaintiffs filed this motion for default judgment February 24, 1977. Defendants responded with an objection to default on March 29, 1977, finally filing therewith their answer, nearly 32 months following filing of the suit and over six months following final determination of the jurisdictional challenge.

For purposes of this motion, two separate time periods will be examined. The first begins with the filing of the complaint in August 1974, continues through the jurisdictional challenge and subsequent dismissal by the district court, up to the reversal and remand by the Fourth Circuit in September 1976, a period of 25 months. Counsel for both parties acknowledge an informal understanding that during the pendency of the jurisdictional dispute, defendants would not plead to the merits of the case. Indeed, it is the opinion of the court that Rule 12(a)(1) does not require defendants so to plead. But assuming *arguendo* that Rule 12(a)(2) applies and requires responsive pleading within 10 days of service of a more particular statement, plaintiffs are estopped from relying on the

rule that they, with consent of defendants, earlier agreed not to invoke.

Next to be considered is that period commencing with the Fourth Circuit's remand in September 1976, and ending with the filing of defendants' answer on March 29, 1977, a period of six months. Both parties concede that after the case returned to district court on remand, there was no mutual understanding regarding defendants' obligation to file a responsive pleading. Defendants claim that no rule required them to serve an answer until plaintiffs obtained a court order forcing them to do so. Plaintiffs, on the other hand, rely on Rule 12(a)(2), apparently contending that defendants were in default when they failed to file a responsive pleading within 10 days following plaintiffs' service of a more particular statement on February 6, 1975; that though plaintiffs may have been estopped to invoke the Rule prior to the Fourth Circuit's decision, once the jurisdictional issue was resolved and no agreement existed relieving defendants of their duty to respond, failure to answer revitalized the grounds for default. The court entertains serious doubts as to whether Rule 12(a)(2) governs the requirements for responsive pleading when a motion for a more particular statement of damages is made in conjunction with a motion to dismiss for failure to meet the jurisdictional amount. However, it is unnecessary to decide that question here, for the court finds Rule 12(a)(1) to be directly applicable.

While Rule 12(a) generally requires a defendant to serve his answer within 20 days after service of the summons and complaint, the same rule also states that:

> service of a motion permitted under this rule alters these periods to [sic] time as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action.

A motion attacking the court's subject matter jurisdiction is a motion permitted by

Rule 12(b)(1). Timely service of such a motion (before pleading and before the time for pleading expires) by the defendants stopped the running of the 20-day period referred to in Rule 12(a). *Rudnicki v. Sullivan,* 189 F.Supp. 714 (D.Mass.1960). When the district court subsequently granted the motion to dismiss the case, defendants obviously were under no obligation to serve a responsive pleading. However, when on appeal the Fourth Circuit reversed that decision, thereby denying the motion to dismiss, Rule 12(a)(1) was revived, and defendants had 10 days from notification of that action in which to file their answer.[1] Defendants' delay of six months was clearly an act of default.

The principal thrust of the Federal Rules is to expedite trial of the issues on the merits and in order to do so defendants must assist in the formulation of the issues by answering plaintiffs' complaint or run the risk of default judgment. The court expressly rejects defendants' contention that the burden was on plaintiffs to force defendants to proceed, this being an unwarranted dilatory tactic, clearly contrary to the spirit of the Rules, and wasteful of this court's time. Defense counsel asserts it was in his clients' best interests to delay. The court suggests that, to the contrary, counsel ran the very real risk of suffering a default judgment for his clients and incurred for them the expense of defending such a challenge. Reference to the Fourth Circuit's decision regarding accumulated incidental and consequential damages makes counsel's contentions even more curious.

■ Once a party defaults, the issue of whether to grant or deny a motion for entry of default judgment is a matter largely within the discretion of the trial court. *Kocenko v. Buskirk,* 56 F.R.D. 14 (E.D.Pa.1972); *Hoffman v. Kennedy,* 30 F.R.D. 50 (E.D.Pa.1962); *Gomes v. Williams,* 420 F.2d 1364 (10th Cir. 1970). In the exercise of that discretion, the philosophy of the Federal Rules of Civil Procedure favors a trial on the merits in contradistinction to

judgments by default. *Newberry v. Cohen,* 126 U.S.App.D.C. 106, 374 F.2d 320 (1967); *Thorpe v. Thorpe,* 124 U.S.App.D.C. 299, 364 F.2d 692 (1966). Doubt as to whether to grant a default judgment generally should be resolved in favor of a trial on the merits. *Davis v. Parkhill-Goodloe Co.,* 302 F.2d 489 (5th Cir. 1962).

■ The rules make a clear distinction between the criteria which govern the granting of relief from an *entry of default* and those governing granting of relief from a *default judgment.* Rule 55(c) provides:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect   .   .   ..

The more rigorous standards governing relief under Rule 60(b) are consistent with the policy of protecting the finality of judgments. When the issue is one of whether to set aside an entry of default so that the "good cause" standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as a reason for the delay in filing a responsive pleading be excusable. *Rasmussen v. W. E. Hutton & Co.,* 68 F.R.D. 231 (N.D.Ga.1975). The same is true when the question is whether to enter a default judgment. *Finch v. Big Chief Drilling Co.,* 56 F.R.D. 456 (E.D.Tex. 1972). Courts have been more willing to grant relief to a defaulting party when that party has acted with reasonable promptness in meeting the motion for default, has provided underlying facts in support of a claim of a meritorious defense. *Consolidated Masonry and Fire-Proofing, Inc. v. Wagman Construction Corporation,* 383 F.2d 249 (4th Cir. 1967); where the default is not merely wilful, *Davis v. Carabo,* 50 F.R.D. 468 (D.S.

---

1. For comparable analysis based on a similar New York State statutory scheme, see *United States v. Revere Copper and Brass Co.,* 28 F.Supp. 277 (N.D.N.Y.1939).

C.1970), and where there would be no resulting prejudice to the opposing party. *Ellington v. Milne,* 14 F.R.D. 241 (E.D.N.C. 1953). In at least one instance the court set aside an entry of default under Rule 55(c) even though acknowledging the defendant had provided no satisfactory explanation for his failure to answer. The court cited the preference for a trial on the merits to sustain its action. *Mitchell v. Eaves,* 24 F.R.D. 434 (E.D.Tenn.1959).

In the instant case, the court is similarly moved by a strong preference for a trial on the merits in the absence of any finding of prejudice to plaintiffs which would result from a denial of their motion. Further, the court is reluctant to attribute to the defendants personally, the neglect or errors of the legal representatives where there has been no apparent negligence by the parties personally. *Patapoff v. Vollstedt's, Inc.,* 267 F.2d 863 (9th Cir. 1959); *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538 (2nd Cir. 1963); *A. C. Samford, Inc. v. United States,* 226 F.Supp. 72 (M.D.Ga.1963).

Accordingly, plaintiffs' motion for entry of default judgment is denied, and defendants' answer is ordered filed as of March 29, 1977, the date previously tendered.

The Clerk of this Court shall send certified copies of this Opinion and Order to counsel of record.