## A.S.C. LEASING, INC.

v.

## Kevin PORTER.

### Civ. No. Y-86-2175.

United States District Court,
D. Maryland.

Jan. 14, 1987.

Peter A. Chapin, Rockville, Md., for plaintiff.

Lawrence H. Wechsler and S. Robert Sutton, Washington, D.C., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff A.S.C. Leasing, Inc., a Virginia corporation, filed this suit to recover payments and other damages allegedly owed by defendant Kevin Porter under a lease agreement by which Porter leased a 1983 Mercedes-Benz 300SD. It is undisputed that Porter fell behind in his lease pay-

ments and that A.S.C. repossessed the automobile.

Defendant has entered a limited appearance in order to move to dismiss A.S.C.'s complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Specifically, Porter contends that this Court has no personal jurisdiction over him and that the amount in controversy does not exceed $10,000, so that jurisdiction cannot be exercised under 28 U.S.C. § 1332. Moreover, he claims to have cured whatever breach of the lease agreement there might have been and that plaintiff can assert no claim for damages.

PERSONAL JURISDICTION

Defendant has submitted an affidavit stating that he is not a Maryland resident, and he argues that he is not subject to Maryland courts' personal jurisdiction under § 6–102(a) of the Annotated Code of Maryland, Courts and Judicial Proceedings. However, on August 29, 1983, when defendant executed the lease agreement with A.S.C., he asserted that his "principal place of business" was 2408 Northgate Terrace, Silver Spring, Maryland, 20906. On the agreement, he gave his business as "professional ball player" and indicated that the Mercedes would be used for business purposes. *See* Lease Agreement, ¶ 4. In a loan application made July 28, 1983 in connection with the lease of the Mercedes, Porter indicated that he was employed by St. Francis College in Loretto, Pennsylvania as its head basketball coach. *See* plaintiff's opposition to defendant's motion to dismiss for lack of jurisdiction, or alternative motion to dismiss for failure to state a claim upon which relief can be granted, Exhibit A (Paper 6). Plaintiff filed its complaint in this district but was apparently unable to obtain service of process in Maryland. Porter was eventually served in Pennsylvania.

Porter contends that he is not subject to the personal jurisdiction of Maryland courts, and this Court, because he is no longer a domiciliary of Maryland and is outside the scope of its long-arm statute. *See* Md.Code Ann., Cts. & Jud.Pro., §§ 6–

102 and 103. Although it is unclear when Porter's domicile was moved from Maryland to Pennsylvania, it appears from his affidavit that he is no longer a Maryland domiciliary and is not subject to personal jurisdiction under § 6–102. Thus, personal jurisdiction must rest on § 6–103, the long-arm statute.

Under Maryland case law, the analysis of long-arm jurisdiction requires two inquiries: whether the language of the statute authorizes jurisdiction, and whether the exercise of jurisdiction is consistent with the Fourteenth Amendment's due process requirements and the "minimum contacts" standard. *See, e.g., Malinow v. Eberly*, 322 F.Supp. 594, 597 (D.Md.1971); *McKown v. Criser's Sales and Service*, 48 Md.App. 739, 742, 430 A.2d 91 (1981). However, these inquiries are "inter-related" because the state Court of Appeals has held consistently that the intent of the legislature in enacting the long-arm statute was to expand the exercise of personal jurisdiction to the limits allowed by the Due Process clause. *McKown*, 48 Md.App. at 743, 403 A.2d 91; *see also Camelback Ski Corp. v. Behning*, 307 Md. 270, 274–78, 513 A.2d 874 (1986).

In this case, defendant has argued that no jurisdiction over him exists under § 6–103(b)(2). The statute reads, in part:

(b) *In general*—A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply goods, food, services, or manufactured products in the State;

Defendant contends that the statute does not apply to him because A.S.C., not he, has contracted to supply goods or services. A.S.C. responds that jurisdiction is nevertheless proper because the "subject" of the suit is a contract to supply goods and services within the state of Maryland. However, both parties overlook § 6–103(b)(1), which provides another statutory basis for jurisdiction over Porter. The term "trans-

acts any business" has been held to include not only acts of commerce or transactions for profit, but acts which constitute a purposeful activity within the state. *Malinow v. Eberly*, 322 F.Supp. 594, 598 (D.Md. 1971); *Novack v. National Hot Rod Association*, 247 Md. 350, 356, 231 A.2d 22, 26 (1967). Indeed, *Novack* held that although the formal execution of the contract may not have occurred within the forum state, the statutory test may be satisfied by showing other purposeful acts performed by the party over whom jurisdiction is sought in relation to the contract. *Id.* at 356–57, 231 A.2d 22.

■ Here, Porter cannot argue persuasively that he has not engaged in purposeful activity within the state of Maryland. In executing the lease agreement with A.S.C., he gave as his "principal place of business" a Maryland address, asserted that the Mercedes would be garaged there and would be used for business, and agreed not to remove it permanently from the metropolitan Washington, D.C. area. A.S.C.'s execution of the contract was implicitly based on these representations by Porter. Having made them, and having entered a contract which contained them, Porter cannot now avoid the jurisdiction of Maryland courts.

Similarly, he cannot contend that his contacts with Maryland are insufficient for this Court to exercise jurisdiction over him consistently with the Due Process clause. His execution of the lease agreement, coupled with the representations he made in doing so, demonstrates beyond dispute that he purposefully availed himself of "the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

## AMOUNT IN CONTROVERSY

■ Defendant also argues that this Court cannot exercise jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is less than $10,000. Plaintiff's complaint seeks damages totaling $26,581.10, including the thirty-one lease payments that Porter failed to make, the residual value of the Mercedes less its current resale value, repossession charges, attorney's fees and interest. Defendant asserts that the lease agreement's liquidated damages provision allows A.S.C. to recover only outstanding lease payments less the current value of the automobile. *See* Lease Agreement, ¶ 17(e).

While the parties dispute the effect of the liquidated damages provision, it is clear that the plaintiff is entitled to seek actual damages in lieu of liquidated damages. *See* Lease Agreement, ¶ 17(f). The contract as executed called for the defendant to make monthly payments of $712.00 for sixty months, and a simultaneously executed rider gave him the right to purchase the automobile at the end of that time for $14,000. Plaintiff can certainly argue that it expected to receive the payments specified in the lease agreement and is entitled to damages in the amount of the unmade payments, or $20,429.00. While the agreement's provisions may be disputed at trial, it cannot be said to a legal certainty that the plaintiff's claim is for less than the jurisdictional minimum. *See* 14 Wright, Miller, and Cooper, *Federal Practice and Procedure* § 3702 (1985). Accordingly, jurisdiction exists under 28 U.S.C. § 1332.

## FAILURE TO STATE A CLAIM

■ Defendant's final contention in his motion to dismiss is that he is not in breach of the lease agreement and that plaintiff has failed to state a claim. Defendant asserts in his affidavit that he was notified by a representative of A.S.C. that if he made the lease payments that were outstanding at that time, A.S.C. would not repossess the Mercedes. Although defendant made the payments, A.S.C. repossessed the automobile without his consent. Affidavit of Kevin Porter at 2.

Defendant's affidavit notwithstanding, plaintiff's use of the remedy of repossession does not prevent it from bringing an action to recover the remainder of the payments due under the lease agreement or to prove other actual damages. According to the lease agreement, the remedy of repos-

session is not exclusive and is in addition to A.S.C.'s other rights and remedies. *See* Lease Agreement, ¶ 17.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In ruling upon a pending motion to dismiss, this Court must view the complaint in the light most favorable to the plaintiff and his allegations must be taken as true. *Westray v. Porthole, Inc.,* 586 F.Supp. 834, 836 (D.Md. 1984); *Davis v. City of Portsmouth,* 579 F.Supp. 1205, 1210 (E.D.Va.1983), *aff'd,* 742 F.2d 1448 (4th Cir.1984). Because plaintiff could prove a set of facts that would entitle it to relief, defendant's motion to dismiss for failure to state a claim will be denied.