**MARYLAND NATIONAL BANK, Plaintiff,**

v.

**M/V TANICORP I, Her Engines, Lawrence I. Weisman, and Joy C. Weisman, Defendants.**

**Civ. No. N–91–492.**

United States District Court, D. Maryland.

March 31, 1992.

Lisa P. Ellis, David McI. Williams and Semmes, Bowen & Semmes, Baltimore, for plaintiff.

David B. Shapiro, Baltimore, for defendants.

## MEMORANDUM OPINION

NORTHROP, Senior District Judge.

Pending before this Court are several motions from Plaintiff and Defendants. Defendants have filed a Motion to Dismiss (Paper No. 18) and a Motion for Sanctions (Paper No. 22). Both motions are opposed by Plaintiff, Maryland National Bank. Plaintiff has filed a Motion to Strike Defendant Lawrence Weisman's Motion to Dismiss (Paper No. 20), a Motion for Sanctions (Paper No. 2) and a Motion for Final Judgment (Paper No. 31). Defendants have filed opposition to all motions except Final Judgment.

Upon review of the pleadings, this Court concludes that no hearing is necessary. Local Rule 105.6. For the reasons stated herein, Defendants Motions to Dismiss and for Sanctions are denied. Plaintiff's Motions to Strike and for Sanctions are denied. Plaintiff's Motion for Final Judgment is granted.

## I. *Background*

The underlying basis of this action is fairly straightforward. In July of 1988, Defendants borrowed money from Plaintiff to buy a boat, the Vessel Tanicorp I (a/k/a "Seascape"). The Defendants executed a Note and Security Agreement in the amount of $88,000 with the Plaintiff. Plaintiff obtained a security interest in the Vessel Tanicorp I. Defendants stopped making payments on the note in or around July of 1990. Plaintiff brought this *In Rem* and *In Personam* action in February 21, 1991.

After repeated efforts by the Plaintiff to locate and serve the Defendants through "conventional" means failed, this Court granted Plaintiff's Motion for Substitute Service (Paper No. 12). Fed.R.Civ.P. 4(c)(2)(C)(i). After Plaintiff fully complied with the Order for Substitute Service and Defendants failed to respond at all, this Court entered a default against Defendants on June 17, 1991 (Paper No. 15). Fed. R.Civ.P. 55(a). The application for interlocutory sale of Defendant Vessel was properly filed. Fed.R.Civ.P.Supp. Rule E(9)(b). While Defendant Lawrence Weisman eventually responded one month after the entry of Default, no claim or answer to the application for sale of the vessel was ever made. Fed.R.Civ.P.Supp. Rule C(6). On December 17, 1991, this Court confirmed the Interlocutory sale of the Vessel Seascape for $30,000.

In the intervening time between entry of Default and this date, Defendant Lawrence Weisman filed the Motion to Dismiss and the Motion for Sanctions. Subsequent to the Motions filed by the Defendant, this Court has learned that Mr. Weisman has passed away. Pursuant to Rule 55(b), Plaintiff moves for Final judgment. Fed. R.Civ.P. 55(b).

II. *Analysis*

Defendant Lawrence Weisman moves to Dismiss Plaintiff's suit on a number of procedural grounds. Defendant claims that Plaintiff fails to state a claim, that Defendant was improperly served, that venue for this suit is improper, and finally that this Court lacks personal jurisdiction over Mr. Weisman. Before these procedural bars to this Court's authority can be considered on their merits, this Court must review the procedural objections Plaintiff has to Defendant's motion. Plaintiff claims that Defendant's Motion to Dismiss must be stricken because it is untimely and ineffectual. Further, Plaintiff claims that no responsive pleading may be made to the Court once default has been entered, unless the Defendant formally moves to set aside the entry of default and upon a showing of good case. Fed.R.Civ.P. 55(c). Plaintiff may be technically correct, however, because some of the objections that Defendant raises go to the Court's jurisdiction, this Court will consider the Motion to Dismiss on its "merits" and will consider the Motion itself as a Motion to set aside entry of default. Fed.R.Civ.P. 55(c). Plaintiff's Motion to Strike Defendant's Motion to Dismiss will, therefore, be denied.

■ An entry of default need not be set aside except if there is a showing by the Defendant of good cause. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). The mere assertion of a meritorious defense is not enough, Defendant must state the underlying facts to support the defense. *Id.* at 251–52.

Defendant Weisman claims that Plaintiff's Complaint fails to state a claim. Plaintiff invokes the subject matter jurisdiction of this Court under its admiralty jurisdiction. Fed.R.Civ.P. 9(h), 46 U.S.C. § 31325, 28 U.S.C. § 1331 and § 1333. Plaintiffs claim is straight-forward. Defendants borrowed money from Plaintiff, and Defendants defaulted on the debt. Defendants never contested the merits of Plaintiff's claims, i.e., that Defendants owe the money. This Court, therefore, denies Defendant's Motion on this ground. Indeed, to this Court, it is a little curious as to why this assertion was ever made.

Next, Defendant claims that service of process was improper. This Court disagrees. Plaintiff made repeated efforts to serve Defendants. A review of the efforts Plaintiff made demonstrates that this Court's Order granting substitute service was warranted and properly complied with by Plaintiff.

■ To the extent that Defendants maintain that service was improper, they have never denied actually receiving notice. "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. [However,] plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Systems,* 733 F.2d 1087, 1089 (4th Cir.1984). Plaintiff has fully complied with service requirements and this Court rejects Defendant's Motion on this ground.

■ This Court holds that venue is proper. The vessel was found in this district. The arrest action is appropriate here. Fed. R.Civ.P.Supp. Rule C. Suite may also be maintained *in personam* against the Weismans who are mortgagors, in default of a preferred mortgage, in the same venue as this *in rem* proceeding provided the Defendants have sufficient contacts with the forum. 46 U.S.C. § 31325(b)(2); *Schaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

Defendants arguments against venue in Maryland are without merit. Much of the authority cited by Defendant is either inapplicable or inappropriate. Further, within the context of this dispute, Maryland is the most appropriate forum. The security agreement was drafted in Maryland. The security agreement explicitly states that a Maryland law applies to its terms. Under the terms of the security agreement, the financed vessel was supposed to be kept in Maryland. Indeed, the vessel was seized in Maryland. Payments under the agreement were sent by Defendant to the Plaintiff in

Maryland. This Court finds that venue is proper in Maryland. 28 U.S.C. 1391(b)(2).

█ Lastly, Defendant claims that this Court lacks personal jurisdiction over Mr. Weisman. This Court disagrees. A Maryland court can exercise personal jurisdiction over a non-resident defendant only to the extent provided by the Maryland long arm statue.[1]

█ Analyzing personal jurisdiction under the Maryland long arm statute involves a two-step process. *Haynes v. James H. Carr, Inc.*, 427 F.2d 700 (4th Cir.), *cert. denied*, 400 U.S. 942, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970). First, the court must determine whether service of process over the nonresident defendant is authorized by Maryland's long-arm statute. The long arm statute applies if any one of the provisions of subsection (b) are met. *See McLaughlin v. Copeland*, 435 F.Supp. 513, 522 (D.Md.1977). Second, the court must decide whether the assertion of personal jurisdiction comports with the due process clause of the fourteenth amendment. *See, e.g., Haynes*, 427 F.2d at 703; *A.S.C. Leasing v. Porter*, 651 F.Supp. 384, 385 (D.Md. 1987). Questions regarding the meaning and reach of Maryland's long arm statute must be resolved according to Maryland law, but questions regarding the due process limits on personal jurisdiction are resolved according to federal law. *Snyder v. Hampton Indus., Inc.*, 521 F.Supp. 130, 135–36 (D.Md.1981).

In Maryland, the Court of appeals has long held "that the intent of the legislature in enacting Maryland's long arm statute was to expand the exercise of personal jurisdiction to the limits allowed by the Due Process Clause of the Fourteenth Amend-ment to the Federal Constitution." *Camelback Ski Corp. v. Behning*, 307 Md. 270, 274, 513 A.2d 874 (1986), *vacated and removed*, 480 U.S. 901, 107 S.Ct. 1341, 94 L.Ed.2d 512 (1987), *aff'd*, 312 Md. 330, 333, 539 A.2d 1107, *cert. denied*, 488 U.S. 849, 109 S.Ct. 130, 102 L.Ed.2d 103 (1988); *see Gilliam v. Moog Indus., Inc.*, 239 Md. 107, 111, 210 A.2d 390 (1965). Although courts have noted that such sweeping statements are "not entirely accurate" with respect to the reach of subsections (b)(3) and (b)(4), subsection (b)(1) is generally held to be coterminous with the due process clause. *See, e.g., Snyder*, 521 F.Supp. at 136.

█ The purpose of the due process clause is to protect a defendant from being subject to a judgment "in a forum with which he has established no meaningful 'contacts, ties or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985) (quoting *International Shoe v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945)). A forum has jurisdiction to render a judgment when a defendant has the requisite "minimum contacts" with the forum. In judging minimum contacts, a court should focus "on the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977). For minimum contacts to exist there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

---

1. The long arm statute states: "(a) Condition—If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section. (b) In General—A court may exercise personal jurisdiction over a person, who directly or by an agent: 1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply goods, food, services, or manufactured products in the state; (3) Causes tortious injury in the State by an act or omission in the State; (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State; (5) Has an interest in, uses, or possesses real property in the State; or (6) contracts to insure or act as surety for, or on, any obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing." Md.Cts. & Jud.Proc. Code Ann. § 6–103(a)–(b).

■ In focusing on the relationship among the defendant, the forum, and the litigation, a distinction has arisen between exercises of specific and general jurisdiction. *See Camelback*, 307 Md. at 278–80, 513 A.2d 874. In effect, more substantial contacts are required to support a claim of jurisdiction when the cause of action is not related to a defendant's contacts with the forum—general jurisdiction—than in a cause of action that arises out of a defendant's contacts with the forum—specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.a. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

■ Plaintiff asserts that Mr. Weisman's contacts with the State of Maryland are sufficient to warrant a conclusion by this Court that it has general jurisdiction over the Defendants. *See Camelback*, 307 Md. at 278–80, 513 A.2d 874. Mr. Weisman's contacts with the state can be summarized as follows. First, that until just prior to the filing of this action, Lawrence Weisman was licensed to practice law in the State of Maryland. Plaintiff points out that Mr. Weisman has been a member of the Maryland Bar for the past forty years. Second, Plaintiff maintains that just prior to this action, Mr. Weisman held real property in Sparks, Maryland. As a matter of fact, this property was listed as the address of Mr. Weisman when he applied for the loan with the Plaintiff. Third, Mr. Weisman is listed in several directories including the phone book and the Lawyer's Manual as having residences in Maryland. Fourth, Mr. Weisman was seeing a physician in Maryland. Fifth, Mr. Weisman's Last Will and Testament states that he owns real property in Maryland. Sixth, Mr. Weisman maintained and received mail at his attorney's, Mr. Shapiro's, address in Baltimore, Maryland. Seventh, Mr. Weisman was acting, up until the time of his death, as the Resident Agent for two active Maryland corporations. As Plaintiff notes, a Resident Agent of a Maryland corporation must be either another Maryland corporation or a citizen of Maryland who resides here. Corps & Assn. Art. § 2–108(a)(2) (1985).

Defendant claims that he is domiciled in Pompano Beach, Florida and has lived there since June 29, 1988. Mr. Weisman claims that he and his wife own vehicles that are registered in Florida and that they vote in Florida and that they file their federal income taxes in Florida.

Defendant mainly attacks Plaintiff's assertion that he owns real property in Sparks, Maryland. According to the Defendant, he made a lease with option to purchase agreement with Mr. Dillon for the property in Sparks, Maryland. The lease and option to purchase agreement was made September 19, 1990, just a few short months prior to the institution of this suit. Defendant Lawrence Weisman claims that one week prior to the institution of this action, he executed a deed making Mr. Thompson trustee in consideration of $1 for conveying, so he claims, all interest in the property in Sparks, Maryland.

The deed execution does not list the trust's Beneficiary. As such, this Court does not know whether, at the time of Mr. Weisman's death, he still had interest in the property at Sparks, Maryland. It is known that the lessee of the property had an option to buy that lasted until September 19, 1995. Whether Mr. Weisman had, or whether his estate now currently has, an interest in the property in Sparks, Maryland may be somewhat beside the point in terms of establishing jurisdiction for this law suit.

Under the Maryland Long Arm Statute, a court may exercise personal jurisdiction over anyone who directly transacts business or performs any character of work or service in the state. Md.Cts. & Jud.Proc. Code Ann. § 6–103(b)(1). Further, the Supreme Court has found that it is sufficient for purposes of due process, that a court may exercise personal jurisdiction that is based on one contract where the contract has a substantial connection with the state's courts. *McGee v. International Life Insurance Company*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957).

In this particular case, the contract was written in the State of Maryland. The Weismans listed their Sparks, Maryland ad-

dress on their application for their loan. Further, as a condition for the note and security agreement, the collateral vessel was to be kept in Maryland. The collateral vessel was in fact kept in Baltimore, Maryland until it was arrested by the Plaintiff. Finally, as a condition of the note and security agreement, it is stated in the agreement that Maryland law governs. This Court finds, therefore, that the Defendants purposely availed themselves of the privilege of conducting activities within Maryland invoking the benefits and protection of Maryland's laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 294–96, 100 S.Ct. 559, 565–66, 62 L.Ed.2d 490 (1980). This Court finds that it was not only foreseeable, but also Defendants' contacts with Maryland arising out of this specific contract demonstrates that Defendant has availed himself of the privileges and the benefits of Maryland. *Id.* at 296, 100 S.Ct. at 566. These contacts are enough for exercise of specific jurisdiction over the Defendants in this action. Under the State's Long Arm Statute and under the due process standards, this Court can exercise jurisdiction. The Defendants "should reasonably anticipate being hailed into court" here. *See World–Wide Volkswagen Corp.,* at 297, 100 S.Ct. at 567. Defendants' Motion to Dismiss on grounds of improper service of process, venue and personal jurisdiction is denied. Defendants have failed to show why the entry of default should be set aside. *Consolidated Masonry & Fireproofing, Inc.* 383 F.2d at 251–52.

This court next turns its attention to Plaintiff's Motion for Final Judgment. Defendants have not opposed this Motion. Plaintiff has met the requirements under Rule 55(b) for Final Judgment by Default. Fed.R.Civ.P. 55(b). The Court grants Maryland National Bank's Motion for Default Judgment in the amount of $86,055.45 by Defendants Lawrence I. Weisman and Joy C. Weisman who are jointly and severely liable under the note to Maryland National Bank in this amount.

Finally, both Plaintiff and Defendant have made motions for sanctions against one another under Rule 11. According to Plaintiff, Defendant Weisman submitted numerous documents without legal or factual basis asserting that the Court did not have *in personam* jurisdiction over him. According to Defendant, sanctions should be served against the Plaintiff and its attorneys because Plaintiff misled the Court as to the proper chain of title as to Defendant's address in Sparks, Maryland.

Rule 11 mandates that every pleading, motion or other paper filed with the Court be a product of a "reasonable inquiry" on the part of the attorney or party signing the documents, and that the document be "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it ... not [be] interposed for any improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11. While the Court is sympathetic to Plaintiff's arguments for Rule 11 sanctions, this Court does not believe, however, that Defendants' conduct and pleadings are sufficiently not well enough grounded in either fact or law to justify the Court's granting of sanctions against the Defendant. Defendant's assertions that Plaintiff's counsel misled this Court are without foundation. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Therefore, both Defendants' and Plaintiff's Motions for Rule 11 Sanctions are denied.

### III. *Conclusion*

In accordance with the foregoing Memorandum, this Court denies Defendants' Motions to Dismiss and Defendants' Motion for Sanctions. This Court denies Plaintiff's Motion to Strike Defendants' Motion to Dismiss and Plaintiff's Motion for Rule 11 Sanctions. This Court grants Plaintiff's Motion for Final Judgment. A separate Order shall issue.