**PHILIPP BROTHERS (COCOA), INC., Plaintiff,**

v.

**M/V OCEA, her engines, tackle, appurtenances, etc. *in rem,* and Fairmont Management Limited, Defendants.**

**OCEA SHIPPING CORP., Defendant and Third–Party Plaintiff,**

v.

**SAU SARUE PRODUCTEMENTOS COMMODITY TRAINING, Third–Party Defendant.**

Civ. A. No. 2:91CV875.

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 27, 1992.

---

Glen A. Huff and David N. Ventker, Huff, Poole & Mahoney, P.C., Virginia Beach, Va., for Philipp Brothers (Cocoa), Inc.

R. John Barrett, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for M/V Ocea, Fairmont Management Limited and Ocea Shipping.

D. Arthur Kelsey and Andrew J. Timms, Hunton & Williams, Norfolk, Va., for Sau Sarue Productementos Commodity Training.

## OPINION AND ORDER

TOMMY E. MILLER, United States Magistrate Judge.

This action comes before the Court on third-party defendant's Motion to Vacate Entry of Default pursuant to Federal Rule of Civil Procedure 55(c). The Motion was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(a) and the parties consented to proceed before the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. For the reasons set forth below, the Court GRANTED the third-party defendant's Motion to Vacate the Entry of Default.

### I. *Procedural History*

On December 27, 1991, Philipp Brothers (Cocoa), Inc. filed a maritime complaint against defendants alleging cargo damage to cocoa beans. On June 10, 1992, the vessel owner, Ocea Shipping Corporation ("Ocea"), filed a third-party complaint seeking indemnity from an entity which it believed to be the vessel charterer, Sau Sarue Productementos Commodity Training.

Ocea sought to serve the third-party complaint on the third-party defendant via the Virginia Long Arm Statute, Va.Code § 8.01–329, and accordingly forwarded it to the Secretary of the Commonwealth on June 10, 1992. Ocea executed an affidavit which identified the third-party defendant as "Sau Sarue Productementos Commodity Training, Cayman Island," and the last known address as "c/o Roberto Zitelman de Oliva" at "Maritima de Agenciamentos e Representacoes, Ltda., Rua Miguel Calmon 15, 3rd Floor, Salvador, Bahia, Cep 40.015 Brazil." On or about June 23, 1992, Mr. Oliva—who was purportedly an agent of the third-party defendant, Sau Sarue Productementos Commodity Training—was served with a copy of the third-party complaint.

Neither Mr. Oliva nor any representative of Sau Sarue Productementos Commodity Training responded to the third-party complaint within the applicable time. By letter dated August 5, 1992, Ocea requested that the Clerk of the Court note the default of the third-party defendant, "Sau Sarue Productementos Commodity Trading" pursuant to Federal Rule of Civil Procedure 55(a). Counsel for Ocea forwarded a copy of this letter to Mr. Oliva on the same date. The Clerk of the Court noted default on August 11, 1992.

On August 13, 1992, without knowledge of the default notice, a member of Mr. Oliva's firm wrote the Clerk of the Court explaining the firm's understanding of the matter and requesting a 60–day extension of time to take further action. *See* Ocea's Exhibit G. By letter dated September 3, 1992, the Clerk of the Court refused the request for continuance and advised Mr. Oliva of the impending trial date, as well as the necessity of obtaining local counsel. On September 23, 1992, Ocea filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2); again Mr. Oliva was notified by the means and address noted above.

On October 1, 1992, counsel for S.S.P. Commodities and Trading, Inc. ("SSP")—

the actual charterer from whom Ocea could seek indemnity—moved to vacate entry of default and to quash service of process. The third-party plaintiff, Ocea, filed a brief in opposition to SSP's motions on October 13, 1992. After reviewing the briefs and supporting documents previously filed by the parties, the Court heard oral argument on October 20, 1992. By order entered the same day, the Court dismissed the original cause of action brought by plaintiff Philipp Brothers (Cocoa), Inc., against Ocea Shipping Corporation and Fairmont Management Limited.

## II. *Discussion*

Misnomers and mistaken addresses plagued the parties' correspondence and led to the present action. The record is replete with examples of miscommunication and confusion. While it appears that close scrutiny to the details of the case might have precluded this judicial intervention,[1] the Court will attempt to distill accuracy from the record and confront the seminal legal issues.

### A. *Service of Process*

■ Proper jurisdiction requires effective service of process. *Kearney v. New York St. Legislature,* 103 F.R.D. 625 (E.D.N.Y.1984). The rules for service of process in maritime actions correspond to those applicable in any other civil action. Since the admiralty rules do not provide for nationwide service of process, the Court looks to Virginia's Long–Arm statute to determine whether a defendant is amenable to suit before this forum. *Powell v. Purcell,* No. 89–755–N, 1990 WL 192565 (E.D.Va.1990); *see also Fed. Ins. Co. v. Lake Shore, Inc.,* 886 F.2d 654, 657 n. 2 (4th Cir.1989); Fed.Rule Civ.P. 4(c)(2)(C)(i) & 4(e). The test for personal jurisdiction consists of an analysis of Virginia's Long–Arm statute, Va.Code Ann. § 8.01–328.1 (1992), as well as the application of due process standards. *Id.; see Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174,

85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ The Virginia Long–Arm statute authorizes proxy service on the Secretary of the Commonwealth in order to effect service on foreign corporations. It requires that:

> the party or his agent or attorney seeking service shall file an affidavit with the court ... setting forth the last known address of the person to be served ...

> [Service] shall be sufficient upon the person to be served, provided that notice of such service, a copy of the process or notice, and a copy of the affidavit are forthwith mailed, by the Secretary to the person or persons to be served at the last known post-office address of such person.

Va.Code § 8.01–329(B) & (C). Since due process concerns underpin effective service of process, compliance with the statutory provision is mandatory. *See Virginia Lime Co. v. Craigsville Distributing Co. Inc.,* 670 F.2d 1366 (4th Cir.1982). The test for due process mirrors the long-arm analysis and additionally considers the defendant's contacts with the prospective forum. To establish personal jurisdiction, service of process must comply with the statutory preconditions as well as the constitutional mandates.

The parties herein do not challenge SSP's "minimum contacts." Instead they focus on the sufficiency of service of process. In the affidavit presented to the Secretary of the Commonwealth, Ocea identified "Sau Sarue Productementos Commodity Training, Cayman Island," as the third-party defendant which could be served through its agent, "Roberto Zitelman de Oliva" at the last known address, "Maritima de Agenciamentos e Representacoes, Ltda., Rua Miguel Calmon 15, 3rd Floor, Salvador, Bahia,

---

1. Both parties apparently agree with this assessment. At oral argument, counsel for SSP argued that because of the arbitration clause in the parties' agreement, this action "ought never have been brought." Without attacking the applicability of the arbitration clause, counsel for Ocea candidly represented that he simply "did not see" it before filed the Third–Party Complaint. *See* Rule 55(c) discussion *infra.*

Cep 40.015 Brazil." The statutory requirements combined with various components of the affidavit and ensuing service of process limit this Court's ability to exercise personal jurisdiction over SSP.

The entity named in the suit and in the accompanying affidavit, Sau Sarue Productementos Commodity Training, apparently does not exist. Ocea intended to sue the charterer of the voyage, SSP Commodities and Trading, Inc. To this date, no one has deciphered or represented to the Court the meaning of the initials "S" "S" "P." Counsel for SSP assured the Court, however, that his client does not trade under the name "Sau Sarue Productementos Commodity Training." *Third–Party Defendant's Motion to Vacate Default* at 6.

The address used to serve process is equally perplexing. SSP does not own an office nor does it routinely conduct business at "Maritima de Agenciamentos e Representacoes, Ltda., Rua Miguel Calmon 15, 3rd Floor, Salvador, Bahia, Cep 40.015 Brazil." SSP is incorporated in the Cayman Islands, British West Indies. SSP's registered address is A.R.A. Service, Limited, Post Office Box 1845, George Town, Grand Cayman, Cayman Islands, British West Indies. *Affidavit of Roberto Zitelman de Oliva* at ¶ 5.

The Complaint and associated materials were directed to the attention of Roberto Zitelman de Oliva. Mr. Oliva is not a registered agent of SSP; he is a shipping agent who works with SSP in addition to numerous other charterers in his business. It is true that Ocea continually corresponded with Mr. Oliva in this case. Being a correspondent, however, does not make him a de facto service of process agent. Neither the constitution nor the Virginia Long Arm Statute condones service on a non-party who is merely a business associate of the actual/intended party. At oral argument, Ocea's counsel conceded that it would be inappropriate for parties to routinely serve a shipping agent in place of an actual charterer; SSP's counsel asserted that permitting such service of process would "destroy the landscape of personal jurisdiction." This Court shares the same concerns and finds that service on a non-party shipping agent such as Roberto Zitelman de Oliva violates due process when the intended party is a charterer, such as SSP.

While the confusion between the two names is understandable, the constitution requires strict compliance with the statute. The entity named is not the charterer who presently defends this action; the address used to serve process is not even in the same country as SSP's registered address; the individual identified is not an agent for SSP. These errors are not merely clerical and cannot, therefore, be easily corrected. *Cf. Silas v. Paroh Steamship Co.*, 175 F.Supp. 35, 39 (E.D.Va. 1958). Due process requires that a party to litigation receive actual or constructive notice of the pending proceedings. "The right to be heard has little reality or worth unless one is informed that a decision is contemplated." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The entity notified is clearly not a party, and probably non-existent; the address listed is in a different country than SSP's principle place of business; finally, the individual to whom the service was directed is a nonparty. It seems merely fortuitous that the intended party received notice of the default. These crucial mistakes offend due process principles and render service of process void.

### B. Rule 55(c)

Federal Rule of Civil Procedure 55(c) states that for "good cause shown the Court may set aside an entry of default." The determination of whether good cause has been shown by the movant is within the sound discretion of this Court. *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir.1967). The Fourth Circuit has "an extensive line of decisions" which have "held that Federal Rule of Civil Procedure 55(c) must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgment." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987); *see also*

**316**

*Consolidated Masonry & Fireproofing,* 383 F.2d at 251.

As a general principle, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969); *Compton v. Alton Steamship Co., Inc.,* 608 F.2d 96, 102–03 (4th Cir.1979). In a Rule 60(b) default judgment context,[2] the Fourth Circuit applies a two-part test:

> "[R]elief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense."

*United States v. Moradi,* 673 F.2d 725, 727 (4th Cir.1982). The Court further explained,

> all that is necessary to establish a "meritorious defense" is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party.

*Id.; see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir.1988).

■ The proffer made by SSP exceeds this standard. Instead of advancing a merely meritorious defense, the charter company purports a dispositive one. SSP contends that the mandatory arbitration clause in the charter party makes this Court an improper forum for their dispute. The charter party provides in relevant part:

> [S]hould any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to Arbitration in New York in accordance with Arbitration Act 1979 and any subsequent alterations.

*See Motion to Vacate Default,* Exhibit B (Charter Party ¶ 17). In contravention of this clause, the parties' present conflict has never been arbitrated. At oral argument, third-party plaintiff's counsel represented that he overlooked the arbitration clause when he filed the Third–Party Complaint. Ocea did not contest the applicability of the clause, but suggested that it could be waived.

■ Arbitration has long been the means of choice for resolving disputes between parties in maritime actions. *See Red Cross Line v. Atlantic Fruit Co.,* 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582 (1924); *see also* G. Gilmore & C. Black, *The Law of Admiralty,* § 4–1, at 196 (2d ed. 1975). The Federal Arbitration Act specifically condones arbitration provisions in maritime transactions. *See* 9 U.S.C. § 2. The arbitration clause in the charter party appears perfectly valid. Since Ocea's indemnity claim stems directly from the charter party, the Court believes that the arbitration clause should govern the present conflict. SSP, therefore, has a complete defense to the instant action.

### III. *Conclusion*

This Court lacks personal jurisdiction over the third-party defendant due to insufficient service of process. Additionally, the third-party defendant has demonstrated "good cause" according to the provisions of Rule 55(c). As such, the default shall be VACATED and the action DISMISSED without prejudice.

The Clerk shall mail a copy of this Opinion and Order to all counsel of record.

---

**2.** Rule 60(b) does not apply in this case because there has been no default judgment entered; as such, a "lower standard" may apply. *See Moran v. Mitchell,* 354 F.Supp. 86, 87 (E.D.Va.1973).