Norval L. **RASMUSSEN**, M.D. and Barbara **Rasmussen**, Plaintiffs,

v.

The **AMERICAN NATIONAL RED CROSS** dba American Red Cross, Defendant.

Civ. A. No. 2:94–0206.

United States District Court, S.D. West Virginia, Charleston Division.

May 31, 1994.

---

· Sprague W. Hazard, Jacobson, Maynard, Tuschman & Kalur, Charleston, WV, for plaintiffs.

Charles F. Johns and Martin R. Smith, Jr., Steptoe & Johnson, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiffs' motion for default judgment and Defendant's motion to set aside entry of default by clerk. Also pending is Defendant's motion to file answer. For the reasons that follow, the Court **DENIES** Plaintiffs' motion for default judgment and **GRANTS** Defendant's motion to set aside entry of default by the clerk, and **GRANTS** Defendant's motion to file answer.

### I.

The facts in this case are simple and uncontested. Plaintiffs filed a complaint against the Defendant on March 10, 1994. The complaint was served upon the Defendant the following day. Plaintiffs moved for default on April 13, 1994. Because no answer had been filed, the clerk entered a default against Defendant on April 14, 1994 pursuant to Rule 55(a) of the *Federal Rules of Civil Procedure*[1]. Later that day, Defendant filed its answer.

Defendant has moved to set aside the entry of default. It admits receiving the complaint. Nonetheless, in support of its motion, Defendant has submitted affidavits from several of its employees suggesting the complaint mysteriously was lost in the process of a facsimile transmissions between the Defendant's national office and the office of the Defendant's insurer. Defendant contends its answer immediately was filed upon discovery of the mistake. Plaintiffs have not responded to Defendant's motion.

### II.

■ The Court notes the distinction between the standards used to set aside a mere *entry* of default and to set aside a default *judgment.* Rule 55(c) of the *Federal Rules of Civil Procedure* states: "**Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Although the Plaintiff has moved a motion for default judgment, judgment has not been entered. Default has been entered, against the Defendant by the clerk pursuant to *Fed.R.Civ.Pro.* 55(a).[2] Thus, the Defendant's motion to set aside the entry of default is governed by the liberal "good cause" standard rather than by the more restrictive standard of *Fed.R.Civ.Pro.* 60(b). *See, e.g., Broglie v. Mackay–Smith,* 75 F.R.D. 739, 742 (W.D.Va.1977).[3]

"The rules make a clear distinction between the criteria which govern the granting of relief from an *entry of default* and those governing relief from *default judgment* .... The more rigorous standards governing relief under Rule 60(b) are consistent with the policy of protecting the finality of judgment. When the issue is one of whether to set aside an entry of default so that the 'good cause' standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as a reason for delay in filing a responsive pleading be excusable." *Id.* (emphasis in original).
*Accord Palmetto Federal Sav. Bank of S.C. v. Industrial Valley Title Ins. Co.,* 756 F.Supp. 925, 930 n. 2 (D.S.C.1991).

---

1. Rule 55(a) states:
   "**Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

2. Rule 55(a) states: "**Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Plaintiffs' counsel submitted an affidavit stating the Defendant had failed to appear, and the clerk entered a default against the Defendant.

3. In *Broglie* the court stated:

An insightful analysis of the standard used to consider setting aside entry of default is found in *Palmetto Federal Savings Bank of South Carolina v. Industrial Valley Title Insurance Company*, 756 F.Supp. 925, 929–30 (D.S.C.1991):

> "it is well established that 'although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom.' *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982) (citations omitted). Indeed, the decision to set aside an entry of default is 'committed to the sound discretion of the trial court' and should be disturbed only upon a finding of an abuse of discretion. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987).
>
> \* \* \* \* \* \*
>
> 'the party in default must show he has a meritorious defense in the action and that there is reasonable explanation or excuse to call for the application of the rule.' *Nelson v. Coleman Company*, 41 F.R.D. 7, 9 (D.S.C.1966). . . . in *Consolidated Masonry and Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967), the Fourth Circuit held that '[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.' "
>
> \* \* \* \* \* \*
>
> 'reasonable promptness' must be judged in light of the facts and circumstances of each case. In addition, the existence of a 'meritorious defense' may be established by 'a presentation or proffer of evidence, which, if believed, would permit the Court or the jury to find for the defaulting party.' [*citing United States v. Moradi, supra*, 673 F.2d at 727]."

The Court when on to state:

> "the court should consider the factors set forth in *Moradi*, namely: 'the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic' in determining whether 'good cause' exists sufficient to warrant relief. *Moradi* at 728. Particular attention should be paid to whether the defaulting party or their counsel should bear responsibility for the delay. Courts should be more inclined toward relief in those cases in which the defaulting party is to blame. *Augusta Fiberglass Coatings* [*v. Fodor Contracting Corp.*, 843 F.2d 808,] 811 [ (4th Cir.1988) ]. Finally, the court should be mindful that there is a preference for resolution of disputes via trial on the merits. *Moradi*, 673 F.2d at 727."

756 F.Supp. at 932.

*See also, Philipp Bros. (Cocoa), Inc. v. M/V OCEA*, 144 F.R.D. 312 (E.D.Va.1992); *Maryland Nat'l Bank v. M/V Tanicorp I*, 796 F.Supp. 188 (D.Md.1992); *Mosswood Oil and Gas Co. v. Lauderman*, 1983 WL 330 (N.D.W.Va.1983) (Haden, J.); *see generally* 6 James W. Moore, *Moore's Federal Practice* ¶ 55.10[1].

### III.

■ It is beyond cavil that a motion for relief made pursuant to Rule 55(c) must be construed liberally. *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987); *Philipp Bros. (Cocoa), Inc. v. M/V OCEA, supra*, 144 F.R.D. at 315. Moreover, " [a]ny doubts whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.' " *Id.* at 316, *citing Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102–03 (4th Cir.1979); *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969).

■ The three-day delay in filing its answer was the fault of the Defendant and not of its attorney. Still, the filing was "reasonably prompt" under any standard; the mistake was rectified as soon as it was discovered, and the answer was filed only three days late.

On the other hand, although the Defendant has neither presented nor proffered evidence supporting its defense,[4] it argues the ambigu-

---

4. Defendant has submitted its proposed answer to Plaintiffs' complaint. Defendant's Motion to

ity of the complaint precludes anything more substantive than a denial of Plaintiffs' allegations. Defendant argues that those denials, if believed by the finder of fact, would permit a verdict for the Defendant.

Although the Court finds the Defendant's "meritorious defense" argument tenuous, it nonetheless recognizes the general policy of deciding cases on their merits. Moreover, in this case there is no history of dilatory actions by the Defendant, and the three-day delay in no way prejudiced the Plaintiffs. And "while the instant facts may tend to uphold the [Plaintiffs' claims], we cannot say that the [Defendant] will be unable to vindicate his claim[.]" *Moradi, supra*, 673 F.2d at 728. The Court thus concludes, in its discretion, and in consideration of the generally liberal application of Rule 55(c), *Lolatchy, supra*, the foregoing factors weigh in favor of finding "good cause" to set aside the entry of default.

### III.

The Court may impose less severe alternative sanctions in this instance. *Moradi, supra*, 673 F.2d at 728 ("the District Court is permitted to impose less severe sanctions"). The Court places both parties on notice that future deadlines will be strictly enforced; lack of compliance may result in the entry of judgment for the opposing party.

### IV.

Because the Court finds good cause to set aside the entry of default, the Defendant's motion to set aside entry of default by the clerk is **GRANTED.** Defendant's motion for leave to file its answer is therefore **GRANTED,** and Plaintiffs' motion for summary judgment is **DENIED.**[5]

---

Set Aside Entry of Default by Clerk, Exhibit A. The proposed answer does not assert any facts, but merely denies Plaintiffs' allegations.

**5.** The Court notes Plaintiff filed its motion for default judgment without supporting memoranda in violation of Local Rule of Practice and Procedure 2.03, which states, "all motions shall be filed with supporting memoranda." *See Fox v. General Motors Corp.*, Civ.Action No. 2:94–0060, 1994 WL 409495 slip op. at 1, n. 1 (S.D.W.Va. March 14, 1994) (Haden, C.J.).