### J.O. ALVAREZ, INC.

v.

### RAINBOW TEXTILES, INC., Niza de Hidalgo, S.A. de C.V., Yan Il Ma d/b/a Pinnacle, and Yoon H. Choi, Defendants.

### Civil Action No. L–90–141.

United States District Court,
S.D. Texas,
Laredo Division.

May 14, 1996.

202

Carl M. Barto, Laredo, TX, for Hyundai Corporation.

Horace C. Hall, III, Hall Quintanilla & Alarcon, Laredo, TX, for J.O. Alvarez.

Paul H. Aloe, New York City, Hye Won Choi, New York City, Shirley Hale Mathis, Mann Trevino Hale & Gallego, Laredo, TX, for Yan Il Ma.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the Court is Plaintiff J.O. Alvarez' ("Alvarez") motion for default judgment against Defendants Rainbow Textiles, Inc. ("Rainbow") and Yoon H. Choi ("Choi") filed on July 29, 1995 (Docket No. 124). On September 14, 1995, the Court deferred ruling for one week to allow Plaintiff to comment on the existence of the complaint that was served on Defendants in July 1992. Alvarez seeks default judgment on a pleading which was served on the Defendants by the Secretary of State in July 1992.

On July 9, 1992, Plaintiff filed a motion for leave of court to file his Third Amended Third–Party Complaint and to serve Defendants by substituted service of process (Docket No. 65). On this same day, Plaintiff obtained a signed and sealed summons from the clerk's office. Thereafter, Plaintiff served Defendants with the summons and his Third Amended Third–Party Complaint through the Secretary of State. Plaintiff's Third Amended Third–Party Complaint, however, was never filed.

On August 6, 1992, Plaintiff's attorney appeared before the Court to explain the need for filing a third amended third-party complaint (Docket No. 69). The Court granted Plaintiff's motion to amend his complaint and ordered that the new pleading be labeled a first amended third-party complaint (Docket No. 70). Plaintiff subsequently filed with the Court his First Amended Third–Party Complaint on August 10, 1992 (Docket No. 71). Plaintiff's third and first amended third-party complaints are the same except for the label.

■ Plaintiff's motion for default judgment is now predicated on Defendant's failure to answer to Plaintiff's Third Amended Third–Party Complaint, which was never filed as such. The validity of service of process where the complaint served has not been filed is an issue of first impression.

Service of process is governed by Federal Rule of Civil Procedure 4. Rule 4(a) and (b) describe the proper form and manner of a summons and complaint. A summons can be obtained only if the plaintiff has filed a complaint. The plaintiff must then serve the summons and complaint as prescribed by Rule 4. Effective service, therefore, presupposes a properly filed complaint.

It could reasonably be inferred that Defendants had notice of this suit because they accepted copies of the summons and of the complaint which was never filed. The complaint described the claims against Defendants and bore the name of this court and the civil docket number. In clear language, the summons instructed the Defendants: "YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court...." Moreover, the Third Amended Third–Party Complaint alleged the same claims for affirmative relief against Defendants as the later-filed pleading and thus apprised Defendants of the suit pending against them and the specific claims.

■ However, actual or constructive notice will not satisfy the requirements of Rule.

*Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir.1988) (holding that service of process on manager of local state employment commission was improper when federal and state law required service on chief executive officer of commission or Attorney General). Valid service of process is required before a court can assert personal jurisdiction over a defendant. *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir. 1991) (default judgment vacated because of improper service of process). Therefore, a district court cannot exercise jurisdiction over a defendant which has not been served properly. Moreover, because "due process concerns underpin effective service of process, compliance with the statutory provision is mandatory." *Philipp Bros. (Cocoa), Inc. v. M/V Ocea,* 144 F.R.D. 312, 314 (E.D.Va. 1992) (holding that service was improper where person who received the summons and complaint was not plaintiff's agent). Plaintiff in this case has failed to comply with Rule 4 and therefore, Defendants were not properly served.

Strong policy considerations also militate against carving an exception to Rule 4. First, the rule does not allow for any exceptions. The Supreme Court has cautioned federal courts against fashioning judicial rules governing service of process. *Omni Capital Intern. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 109–10, 108 S.Ct. 404, 412, 98 L.Ed.2d 415 (1987) (holding that district court lacked personal jurisdiction because nationwide service of process was not authorized under the rules). Because a decision that service of process is effective where the complaint has not been filed would effect a change in Rule 4, the Court declines to find that service was proper under these circumstances.

Requiring that a pleading first be filed in court for service of process to be valid provides a bright-line rule for courts to apply. Otherwise, courts would have to make factual findings that an unfiled complaint sufficiently apprises defendants that a suit is pending against them. A different decision might also encourage a plaintiff to serve on a defendant an unfiled complaint in order to trigger the 20–day clock for the defendant to answer, which would effectively alter Rule 12(a)(1).

For the foregoing reasons, Alvarez' motion for default judgment against Defendants Rainbow and Choi is DENIED.

As they were requested to do so in March 1994, attorneys for Alvarez and Pinnacle are again DIRECTED to confer and file a plan for bringing this case to a conclusion. Their joint report MUST be filed no later than May 30, 1996.